■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID JOHNSON, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Delin, J.), rendered August 14, 1984, convicting him of criminal possession of stolen property in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress certain physical evidence and oral statements made by him to law enforcement authorities.

Ordered that the judgment is reversed, on the law and the facts, those branches of the defendant's omnibus motion which were to suppress physical evidence and statements are granted, the indictment is dismissed, and the matter is remitted to the County Court, Nassau County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

Contrary to the conclusions of the County Court, those branches of the defendant's motion which were to suppress physical evidence and statements should have been granted.

The present record discloses that two plain-clothes police officers had been observing the defendant for approximately one hour and 10 minutes in the parking lot of a shopping mall. During this period of surveillance, the police observed the defendant walk between the rows of parked cars. He would periodically stop and bend down. Additionally, the

defendant walked to several of the mall entrances where he would secrete himself for a short while and then reenter the parking area to repeat the foregoing ritual. Throughout this period of time, the defendant appeared to be continually looking around in a furtive manner.

The police thereupon approached the defendant and conducted a pat down of his person, during the course of which the defendant thrust his left hand into his jacket pocket. One of the officers grabbed the defendant's hand and pulled it out of the pocket into plain view. In the defendant's hand was a checkbook as well as several other items. Despite the innocuous nature of these objects, the police precipitously opened the defendant's hand, and retrieved the items he was holding. They thereupon inspected some of the documents and ultimately ascertained that the defendant had been in possession of credit cards which were later determined to be stolen.

Under the circumstances herein, the police acted unreasonably in seizing the checkbook and credit cards from the defendant. Once the officers ascertained that the defendant was not armed and that they were not in physical danger, any further intrusive conduct was unwarranted and violative of the defendant's rights (see, People v Howard, 50 NY2d 583, cert denied 449 US 1023).

Since the defendant's arrest and subsequent conviction for criminal possession of stolen property emanated from an illegal seizure of evidence, the judgment appealed from should be reversed and the indictment dismissed.

In light of this determination, the defendant's remaining contentions need not be addressed. Brown, J. P., Lawrence, Eiber and Sullivan, JJ., concur.