■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TROY HOLLMAN, Appellant.—Judgment, Supreme Court, New York County (Herbert Adlerberg, J., at suppression hearing; Carol Berkman, J., at plea and sentence), rendered June 5,

1990, convicting defendant of criminal possession of a controlled substance in the third degree and sentencing him to an indeterminate term of imprisonment of from 1 to 3 years, unanimously affirmed. The case is remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5).

The evidence at the suppression hearing indicates that the attention of two plainclothes Port Authority police officers was drawn to defendant and his friend, who moved furtively about the Port Authority Bus Terminal. Defendant at times carried an orange sports bag and at other times left the bag on the floor between his companion and himself, as they stood 15 feet apart scanning the terminal. In all, defendant and his friend were observed, so acting, for about 35 minutes. Eventually, the officers followed defendant and his friend onto a bus. Both proceeded to the rear; defendant placed the orange bag on the overhead luggage rack about 5 to 7½ feet in front of his seat. When his friend placed his black knapsack in the rack directly above the rear seat, defendant slid it forward next to the orange bag. This action struck Officer Canale, who had been surveilling defendant and his friend, as particularly curious; it was "the straw that broke the camel's back."

At that point, Officer Canale approached defendant and his friend, took out his shield, identified himself and asked if he could speak to them. They both agreed. In answer to the officer's questions, they stated that they were not traveling together and were going to different destinations. The two denied ownership or any knowledge of the orange or black bags. After asking other passengers if the bags were theirs, Officer Canale opened them and found about one ounce of crack cocaine in a sneaker box in the orange bag and a large quantity of empty vials and white powder in the black knapsack. The suppression court denied defendant's motion to suppress the drugs.

Defendant now asserts that suppression should have been granted because Officer Canale's inquiry, given his "overtly authoritative, aggressive and crowding position"—the officer was kneeling on the seat in front of defendant—amounted to an illegal "seizure" for which the officer lacked the requisite reasonable suspicion of an actual or imminent crime. As this claim was never raised previously, it is unpreserved for appellate review (CPL 470.05 [2]). We reach it nonetheless in the interest of justice and find Officer Canale's inquiry to have been proper. It is well settled that the propriety of police conduct during an encounter with a suspect turns on the

reasonableness of the conduct in light of the circumstances confronting the police officer. *(People v De Bour,* 40 NY2d 210, 215). When an officer possesses a "founded suspicion", based on observed conduct, that criminal activity is afoot, he may exercise his common-law right to inquire *(supra,* at 215; *People v Boulware,* 130 AD2d 370, 372, *appeal dismissed* 70 NY2d 994), which permits a somewhat greater intrusion. Short of actually seizing the suspect, the officer may take the additional steps that are necessary to gain explanatory information. *(See, e.g., People v Diaz,* 41 NY2d 876, *cert denied* 434 US 939.)

Officer Canale's questions as to whether they were traveling together, their destinations and their luggage constituted the most minimal level of police intrusion: the request for information. The questions were reasonably related to the conduct of defendant and his companion and, thus, were permissible even if Canale's observations provided only an "objective credible reason" for inquiry, not necessarily indicative of criminality. *(People v De Bour,* 40 NY2d, *supra,* at 223.) Moreover, the officer never drew his weapon. Nor was there even a hint of harassment or intimidation. Clearly, there was no seizure.

Finally, and in any event, based on the answers of defendant and his friend, the orange bag had been abandoned. *(Cf., People v Torres,* 115 AD2d 93, 99.) Concur—Sullivan, J. P., Carro, Ellerin, Wallach and Rubin, JJ.