■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL CHISHOLM, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered March 26, 1990, convicting him of tampering with physical evidence and obstruction of governmental administration in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial,

after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence and statements made by him to law enforcement authorities.

Ordered that the judgment is reversed, on the law, the indictment is dismissed, and the matter is remitted to the County Court, Nassau County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The defendant was stopped by an officer for the New York State Racing Association at Belmont Racetrack in Nassau County as he walked away from a car with a broken window. Two Racing Association Detectives were summoned to the scene and asked the defendant what had happened to the car. He told the detectives that he had broken the window, but that it was his car. The defendant had no identification in his possession or in the car, but he was able to produce the car keys and to identify items in the trunk. The defendant was taken to an investigations office at the racetrack where he told the detectives that the car actually belonged to his girlfriend, Ms. Gustave. The detectives telephoned Gustave, who verified that the car belonged to her and that the defendant had permission to use it. They also ran the license plate number through the department computer and verified that the car was owned by Gustave. Nevertheless, the detectives again asked the defendant to produce identification of any type. The defendant reached into his pocket to check and, as he pulled his hand out, a vial of crack-cocaine fell on the floor. He was then arrested. Following a search, the detectives found seven additional crack-cocaine vials in a brown paper wrapper in the defendant's possession.

Thereafter, the defendant was transported to the Nassau County Police Department where he was seated in a room and handcuffed by his left hand to a bar on the wall. Two police officers left the room to put away their guns, leaving the vials on a desk in front of the defendant. Upon their return, the defendant asked permission to use the bathroom. One of the officers escorted the defendant to the bathroom and handcuffed him upon his return. The detectives then discovered that the eight vials which had been on the table were gone. They found the brown paper wrapper at the defendant's feet. Both police officers were subsequently disciplined by the police department for losing the evidence in this case.

Although the police officers properly detained the defendant to obtain explanatory information about the vehicle's registration after he admitted breaking the window (*People v Hollman*, 168 AD2d 259; *People v Pinkney*, 156 AD2d 182), once

they determined that the vehicle had not been stolen and that the defendant was not guilty of any criminality, any further detention of the defendant was unjustified *(People v Milaski,* 62 NY2d 147; *People v Miret-Gonzalez,* 159 AD2d 647, 650; *People v Diaz,* 131 AD2d 690). Accordingly, that branch of the defendant's motion which was to suppress evidence relating to the vials of crack-cocaine subsequently found in his possession should have been granted. Since the vials should have been suppressed there is no basis for convicting the defendant of crimes concerning alleged improper acts involving the vials.

In light of the above determination, we need not address the defendant's remaining arguments. Bracken, J. P., Harwood, Balletta and Copertino, JJ., concur.