■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN DOUGLAS, Also Known as EARL GARVIN, Appellant. [641 NYS2d 637] —Judgment, Supreme Court, New York County (Mary McGowan Davis, J.), rendered July 7, 1993, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the fifth degree and sentencing him, as a second felony offender, to a term of 3 to 6 years, unanimously affirmed.

Defendant's motion to suppress was properly denied. The police received a radio transmission which provided information of a black man wearing specified clothing with a gun in his waistband. The officers arrived at that "drug prone" location within minutes, and observed defendant within a block of the location, wearing clothing that precisely matched the description. This provided the police with a common-law right to inquire. Thereafter, defendant's actions in rapidly walking across the street when the police exited their marked patrol car, refusing to stop when the police ordered him to do so, and moving his hands near his waistband provided the police with reasonable suspicion to stop and frisk him (*People v Bora*, 191 AD2d 384, *affd* 83 NY2d 531). Contrary to defendant's contention, the officer's request for his name and address after the patdown revealed he was unarmed, which request led to the discovery that defendant was secreting crack vials in his mouth, did not constitute a post-frisk investigation but was merely a request for routine information which was minimally intrusive under the circumstances (*compare, People v Chisholm*, 180 AD2d 744, *lv denied* 79 NY2d 1047; *People v Johnson*, 130 AD2d 685).

The court did not, as defendant claims on appeal, deny his request to represent himself at trial. On the contrary, the court agreed to hear his request to proceed *pro se*, but defendant abandoned that request (*see, People v Rodriguez*, 50 NY2d 553). Concur—Sullivan, J. P., Ellerin, Rubin, Ross and Nardelli, JJ.