THIRD DEPARTMENT, FEBRUARY, 2005

(February 10, 2005)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAGNIFICENT DAVIS, Appellant. [789 NYS2d 330]—

Peters, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered February 6, 2002 in Albany County, convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree and criminally using drug paraphernalia in the second degree.

On June 30, 2001, Robert Winn and other police investigators from the Town of Colonie police department traveled to a parking lot of a local motel to investigate a stolen vehicle located therein. Winn was previously advised that the vehicle could contain electronic items such as a television, a stereo and CDs. From a desk clerk at the motel, Winn learned that an individual in room 17 named Raheem Davis had registered the vehicle. After finding that no one was present in room 17, Winn and the other police officers observed an individual holding a stereo exit a taxicab near room 17. Rather than enter the motel room, the individual headed in the opposite direction. Winn and the other officers followed him and asked him if he was Raheem Davis. He answered in the affirmative and heeded their request to stop. He then advised the officers that his name was Naheen Davis not Raheem Davis.

According to Winn, defendant was extremely nervous and appeared "as if he was going to try to make an escape." When asked to put the stereo down and comply with a weapons pat-down, he agreed. During the frisk, he denied any weapons but admitted that he had "a little bit of smoke" on him; defendant

was arrested for possession of marihuana. A further search revealed an electronic digital scale and approximately $100 in cash. At the police station, another search uncovered $1,000 in defendant's boot, two small bags of marihuana in his waistband and a plastic bag containing a white substance in his buttocks.

Indicted and charged with the crimes of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, and criminally using drug paraphernalia in the second degree, defendant made numerous pretrial omnibus motions. After a hearing, Supreme Court denied that part of defendant's motion which sought to suppress the seized contraband and defendant's oral statements made prior to his arrest. He thereafter pleaded to the indictment and was sentenced as a second felony offender to an aggregate term of 5 to 10 years in prison. He appeals and we affirm.

When Winn approached defendant in the parking lot, he simply requested information in an effort to determine the identity of defendant and whether he was the individual being sought (*see People v De Bour,* 40 NY2d 210 [1976]). Once defendant identified himself as that individual, the police were authorized to forcibly stop and detain him. Defendant consented to a frisk for weapons and, after admitting that he possessed marihuana, the police seized the drugs and placed him under arrest. We find no improper police conduct (*see id.; People v Hollman,* 168 AD2d 259 [1990], *affd* 79 NY2d 181 [1992]). The subsequent searches were likewise without fault.

As to the challenge to the voluntariness of the plea, defendant's failure to make a motion to withdraw his plea or vacate the judgment of conviction rendered his claim unpreserved for our review (*see People v Camp,* 302 AD2d 629, 630 [2003], *lv denied* 100 NY2d 593 [2003]; *People v Nieves,* 302 AD2d 625, 625 [2003], *lv denied* 100 NY2d 541 [2003]). Nor did the plea allocution negate an essential element of the crimes so as to constitute an exception to the preservation requirement (*see People v Lopez,* 71 NY2d 662, 666 [1988]).

Finally, we are unpersuaded by defendant's assertion that the sentence is harsh or excessive. The record contains no indication that Supreme Court abused its discretion, nor do we find any extraordinary circumstances warranting modification in the interest of justice (*see People v Curry,* 294 AD2d 608, 612 [2002], *lv denied* 98 NY2d 674 [2002]).

Cardona, P.J., Crew III, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.