OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant was convicted upon his guilty plea of criminal possession of a weapon in the third degree. At the suppression hearing, the arresting officer testified that he and his partner —assigned that night to the Central Robbery Division — were driving in an unmarked car around midnight in a desolate area of The Bronx, when they observed a small red car with rental plates speed past them on the right at about 45 miles per hour. The speed limit for that area was 30 miles per hour. Immediately after passing the officers’ car, the red car made a sudden right turn onto a street with abandoned buildings and bricked up doorways. The officers followed and saw the car approximately halfway down the street rolling slowly along the right-hand curb with no headlights on, and only brake lights visible. The officers overtook the car and ordered the driver to stop. One officer approached the driver and requested that he alight from the car; the other approached defendant, who was sitting in the passenger seat, and asked what he and the driver were doing there. Defendant responded that they had j'ust stopped for a moment, whereupon the officer asked defendant to step out of the car. As defendant opened the car door, the officer observed by means of the interior car light— which was lit because the driver’s door was open — the bulge of a small caliber revolver tucked into defendant’s waist-length jacket. The officer directed defendant to continue to get out of the car; he removed the gun from the jacket and placed defendant under arrest. The officer testified that he had ordered defendant out of the car for his personal safety.
Both lower courts credited the officer’s version of the events and found the stop justified because the car had been speed *781 ing. Indeed, the legality of the stop itself is not disputed; the only issue pressed by defendant on this appeal is the propriety of the additional intrusion upon him — a passenger — by the order to step out of a car that was stopped because of the driver’s unlawful conduct.
In Pennsylvania v Mimms (434 US 106), the United States Supreme Court held that the inherent and inordinate risk of danger confronting an officer as he approaches the driver of an automobile that has been stopped for a traffic infraction justifies the minimal additional intrusion of ordering the driver out of the car (see, Michigan v Long, 463 US 1032, 1047-1048; People v Woods, 64 NY2d 736, 737; People v Russ, 61 NY2d 693, 694; People v Landy, 59 NY2d 369, 376). In upholding the hearing court’s denial of defendant’s motion to suppress, the Appellate Division held that the rationale of the Mimms decision always justifies an officer’s request, as a safety measure, that the passenger also exit the car (see, Pennsylvania v Mimms, 434 US 106, 110, n 5, supra; People v David L., 56 NY2d 698, revg on dissent 81 AD2d 893, 895). Defendant argues that the Mimms decision was supported not only by concerns for the officer’s safety, but also by the driver’s unlawful conduct and that absent some suspicion of unlawful conduct on the part of a passenger, an officer is prohibited by the Fourth Amendment from ordering such passenger out of the car.
We need not now resolve whether the Mimms rationale would always justify an officer in ordering any or all of the passengers out of a lawfully stopped car, for this record reveals that the police conduct at issue here was predicated not only on the traffic violation and the perceived threat of danger from the driver, but also on the combination of additional factors that warranted apprehension as to the defendant passenger as well. Bearing in mind that reasonableness is the touchstone of our inquiry into the propriety of police conduct, we must weigh the degree and scope of the particular intrusion " 'against the precipitating and attending conditions’ ” confronted (People v Harrison, 57 NY2d 470, 475, quoting People v De Bour, 40 NY2d 210, 223; see, People v Chestnut, 51 NY2d 14, 21, 22). Here, the area was abandoned (see, People v Bronston, 68 NY2d 880, 881), the hour was late, and the fact that the vehicle — having already violated the speed limit — was moving slowly with no lights on was sufficiently peculiar to awaken suspicion as to the activity of the occupants. Under these circumstances, the officer was justified *782 in acting to secure the safety of both officers by imposing upon defendant the de minimis intrusion of ordering him — a person whose progress had already been impeded as a necessary incident to the lawful stop of the vehicle — to step out while his partner investigated the driver’s credentials (see, People v Livigni, 58 NY2d 894, affd for reasons stated below 88 AD 2d 386 [empty gun holster in plain view on front seat justified ordering passenger out]; Commonwealth v Farmer, 12 Mass App 961, 428 NE2d 143 [passenger properly ordered out of car under the circumstances to preclude access to weapons or means of escape]).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed in a memorandum.