■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NEVILLE ROBINSON, Appellant.

On the instant appeal, the defendant argues, inter alia, that a gun should have been suppressed since it was only observed by the police after they improperly ordered the defendant, as a passenger, to step out of a car which had been stopped for a traffic violation. We disagree.

The observations made by the police officers on anticrime patrol, as they followed the car in which defendant was a passenger north on Bedford Avenue, coupled with a traffic violation committed by the driver of the car shortly thereafter, i.e., a sudden right turn onto Carroll Street from the left lane of Bedford Avenue, without signaling, afforded the police a sufficient predicate to stop the car, and order the defendant passenger to step out (see, People v David L., 56 NY2d 698, revg 81 AD2d 893, 895, on dissenting opn of Hopkins and Weinstein, JJ., at App Div; People v Livigni, 58 NY2d 894, affg 88 AD2d 386, on opn of Mangano, J., at App Div, cert denied 459 US 866; People v McLaurin, 70 NY2d 779; People v Hill, NYLJ, Apr. 14, 1988, at 11, col 5; Pennsylvania v Mimms, 434 US 106; People v Ingle, 36 NY2d 413).

We have reviewed the defendant's remaining argument and find it to be without merit. Mollen, P. J., Mangano, Brown and Kunzeman, JJ., concur.