■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN D. MCCLANE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Beerman, J.), rendered February 21, 1985, convicting him of criminal possession of a controlled substance in the fourth degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Demakos, J.), of that branch of the defendant's motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Based upon the testimony of the arresting officer, Officer DeClemente at the *Mapp* hearing, it was established that the defendant's vehicle was lawfully stopped because its windshield was cracked, in violation of Vehicle and Traffic Law § 375 (22). Having difficulty locating his driver's license, registration and insurance card, the defendant driver asked the officer if he could exit the vehicle. As the defendant was getting out of the car, DeClemente noticed the front passenger "reaching down to the floor of the car". He immediately ordered the front passenger not to move and thereupon observed a brown paper bag under the passenger's seat which he asked the front passenger to hand to him, thinking that he had been reaching for a weapon. When DeClemente took possession of the bag he saw that it contained a white powdered substance which laboratory tests later established constituted heroin and cocaine.

Following the *Mapp* hearing, the court denied that branch of the defendant's motion which was to suppress the physical evidence seized. In the jury trial which ensued the defendant was convicted of two counts of criminal possession of a controlled substance in the fourth degree.

The defendant contends that the search and resultant seizure of the evidence were illegal. However, the defendant's vehicle was properly stopped for a traffic infraction (*see, People v Livigni,* 88 AD2d 386, *affd* 58 NY2d 894). Based on the suspicious movement of the front passenger's hand toward the floor and the viewing of the paper bag in proximity to his hand, the officer was justified in believing that the passenger may have been reaching for a gun and his seizure of the bag was reasonable under the circumstances (*People v Cruz,* 34 NY2d 362). The search of the automobile is lawful when it is limited to those areas in which a weapon may be placed or hidden and the police officer possesses a reasonable belief, based on specific and articulable facts, which reasonably warrant him to believe the suspect is dangerous (*Michigan v Long,* 463 US 1032, 1049).

Accordingly, the seizure of the narcotics was lawful. Mollen, P. J., Weinstein, Kooper and Balletta, JJ., concur.