■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v

GUYLOT JEAN-LOUIS, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County (Dufficy, J.), dated June 10, 1987, which granted that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the order is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress physical evidence is denied, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

At approximately 11:30 P.M., in a high-crime area in Queens County, Police Officer Kocienda, wearing plain clothes and riding in an unmarked vehicle with his partner and another officer, observed a blue Datsun with a cracked headlight being operated in an erratic fashion, "[a]s if the driver [were] having trouble shifting gears". The officers pulled over the Datsun and exited their vehicle. Police Officer Kocienda approached the passenger side of the Datsun, while his partner approached the driver's side. As Officer Kocienda scanned the passenger compartment with his flashlight, he observed the passenger make a sudden, "frantic" hand movement in an attempt to stuff a brown leather bag under the car seat. The officer immediately yelled out to his fellow officers, "[w]atch out. He might have a gun". Thereafter, Officer Kocienda ordered the defendant—who was driving—and the passenger out of the Datsun and searched the floor area where the passenger had attempted to stuff the bag. Officer Kocienda recovered the brown bag from which fell a clear plastic envelope, which, it was later determined, contained cocaine. A subsequent inventory search of the automobile disclosed quantities of crack, drug paraphernalia and $2,455 in cash. Thereafter, the defendant was charged with criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the third degree.

After a suppression hearing at which Officer Kocienda testified, the court suppressed the evidence. Although the court determined that the initial stop was permissible, it concluded that the officers were not reasonably in fear for their safety by virtue of the passenger's hand movement and that the officers otherwise lacked probable cause to seize the brown leather bag.

Under the circumstances, the officers permissibly stopped the Datsun after observing the cracked headlight and the erratic fashion in which the automobile was being operated

*(see, People v McLaurin,* 70 NY2d 779; *People v Ingle,* 36 NY2d 413; *People v Wilson,* 150 AD2d 628; *People v McClane,* 143 AD2d 848, 849; *People v Livigni,* 88 AD2d 386, *affd* 58 NY2d 894). Moreover, in light of the passenger's sudden hand movement and his furtive attempt to stuff the leather bag under the car seat, Officer Kocienda's belief that the passenger may have been in possession of a weapon was reasonable under the circumstances *(see, People v McClane, supra; cf., People v Torres,* 74 NY2d 224). The hearing court's suggestion that the passenger's hand movement was not sufficiently threatening to the officer's safety because, *inter alia,* (1) the passenger was not trying "to recover" anything from the bag, and (2) the passenger was merely trying to "rid himself" of it, hardly lessens the potential threat to which the officers may have been exposed had they failed to investigate the contents of the bag prior to continuing their investigation *(cf., People v Torres, supra).* As the Court of Appeals has recently reiterated, police officers need not " 'await the glint of steel' " before taking reasonable measures to assure their safety *(see, People v Allen,* 73 NY2d 378, 380; *People v Benjamin,* 51 NY2d 267, 271; *cf., Pennsylvania v Mimms,* 434 US 106, 110).

Accordingly, Officer Kocienda's subsequent seizure of the bag was lawful since the search was "limited to those areas in which a weapon may be placed or hidden and the police officer possesses a reasonable belief, based on specific and articulable facts, which reasonably warrant him to believe a suspect is dangerous" *(People v McClane, supra,* at 849; *see, People v Wilson, supra; Michigan v Long,* 463 US 1032, 1049; *cf., People v Lindsay,* 72 NY2d 843). Kooper, J. P., Spatt, Harwood and Rosenblatt, JJ., concur.