■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL PETERSON, Appellant.—Appeal by the defendant, as limited by his brief, from a sentence of the County Court, Westchester County (Cowhey, J.), imposed November 10, 1987, upon his conviction of attempted robbery in the second degree,

upon his plea of guilty, the sentence being an indeterminate term of 2½ to 5 years' imprisonment.

Ordered that the sentence is affirmed.

We find no merit to the defendant's contention that his sentence of 2½ to 5 years' imprisonment, the statutory minimum term for a second violent felony offender convicted of a class D violent felony offense (Penal Law § 70.04 [3] [c]; [4]), constitutes cruel and unusual punishment (NY Const, art I, § 5; US Const 8th Amend; *People v Jones,* 39 NY2d 694; *People v Broadie,* 37 NY2d 100, *cert denied* 423 US 950). Moreover, as the sentence imposed was the result of a negotiated plea, the defendant may not now be heard to complain that it was excessive *(see, People v Kazepis,* 101 AD2d 816).

We note that the court properly ordered that the sentence run consecutively to a term of imprisonment the defendant was serving upon his conviction of a crime committed while he was free on bail and while the instant charges were pending *(see,* Penal Law § 70.25 [2-b]). We decline to exercise our interest of justice jurisdiction to provide that those sentences shall run concurrently to each other, as no mitigating circumstances are evident in this record. Thompson, J. P., Bracken, Brown, Sullivan and Rosenblatt, JJ., concur.