■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORLANDO RODRIQUEZ, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County

(Rosato, J.), rendered June 29, 1988, convicting him of criminal possession of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by him to the police.

Ordered that the judgment is affirmed.

We find no merit to the defendant's challenge to the hearing court's *Mapp* and *Huntley* determinations. The defendant's vehicle, in which he was a passenger, was concededly properly stopped for two traffic violations *(see, People v McLaurin,* 70 NY2d 779; *People v Ingle,* 36 NY2d 413). The sudden hand motion by another passenger toward the floor of the car in an apparent attempt to hide something provided a reasonable basis for the State Trooper to believe that the passenger might be in possession of a weapon. Therefore, the State Trooper was justified in demanding that he be shown whatever it was that the passenger was secreting. The State Trooper's observation that the plastic bag produced by the passenger appeared to contain a weighty object provided a further basis for him to fear for his safety and to demand that he be shown the contents of the bag. Accordingly, the two bags of cocaine found therein were lawfully seized *(see, People v Jean-Louis,* 154 AD2d 393; *People v Wilson,* 150 AD2d 628; *People v McClane,* 143 AD2d 848). Nor do we find any basis to disturb the finding by the hearing court that the defendant's subsequent admissions of ownership of the drugs, made to the State Trooper at the scene and later to an investigator at headquarters, were admissible at trial.

Since the sentence imposed was the result of a negotiated plea, the defendant may not now be heard to complain that it was excessive *(see, People v Peterson,* 155 AD2d 487; *People v Kazepis,* 101 AD2d 816).

We have considered the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Thompson, J. P., Brown, Lawrence and Balletta, JJ., concur.