■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARNESE PARKER, Appellant.—Kane, J. Appeal from a judgment of the County Court of Broome County (Monserrate, J.), rendered May 20, 1988, convicting defendant upon her plea of guilty of the crime of criminal possession of a controlled substance in the second degree.

Defendant appeals her judgment of conviction of criminal possession of a controlled substance in the second degree, arguing that her motion for suppression of physical evidence was improperly denied. A review of the suppression hearing minutes reveals that, on November 29, 1987, defendant was a passenger on a Greyhound bus traveling from New York City to Buffalo. The bus was making a brief rest stop in the City of Binghamton, Broome County, when the State Police were contacted to investigate a reported theft of jewelry from a bus passenger. The complaining passenger told State Trooper Robert Galletto upon his arrival at the scene that she had been asleep with her purse on her lap and awoke to find the purse on the floor with the jewelry missing therefrom. Galletto boarded the bus with the complainant to reenact the incident and investigate. Forty minutes later, three other

State Troopers arrived and, after a search of the bus, two passengers, Dean Harvey and German Ricart, seated near the complainant, were removed for questioning. Harvey consented to a search of his belongings which revealed a triple beam scale. The scale was returned to Harvey and he and Ricart returned to their seats on the bus. Galletto and Trooper James Mastronardi then reboarded the bus to speak with defendant, who was seated next to Harvey. Both Troopers observed defendant holding a small brown paper bag between her knees and covering it with her hands. Galletto asked defendant to accompany them off the bus and bring her belongings with her. Defendant began to exit, picked up a white plastic shopping bag which was on the floor, and placed the brown paper bag on her seat. Galletto asked defendant, "would you mind bringing that bag, too, if it belongs to you". Defendant then picked up the brown paper bag and left it on an empty seat while leaving the bus. Galletto again asked defendant to bring the bag with her but she continued off the bus without a response. Galletto picked up the bag, left the bus, and asked defendant what was in it. Defendant indicated that the bag was not hers, that she found it on the floor of the bus and that the Troopers were welcome to search its contents, which were later revealed to be cocaine.

After the suppression hearing, County Court denied defendant's motion to suppress. Defendant subsequently entered a plea of guilty to a reduced charge of criminal possession of a controlled substance in the second degree and was sentenced to an indeterminate prison term of five years to life. This appeal followed.

We reject defendant's initial argument that the police detention of the bus constituted an unjustified seizure. Probable cause is not a requisite for every police intrusion upon individual liberties (see, People v Schobert, 93 AD2d 949), and detention by the police is permitted where reasonable suspicion exists that a crime has been committed (CPL 140.50 [1]; see, People v De Bour, 40 NY2d 210, 223). Here, the passenger's complaint that her jewelry was stolen and the attending circumstances, including the nature of the crime scene, provided the police with a reasonable suspicion that a fellow passenger committed the crime. Therefore, a detention of the bus and its passengers, for the singular purpose of investigating the theft, including the call for additional Troopers, was justified (see, Terry v Ohio, 392 US 1; People v Sobotker, 43 NY2d 559; People v De Bour, supra). Likewise, we reject defendant's arguments that the police impermissibly seized

her when they singled her out and asked her to exit the bus for questioning. Harvey was asked off the bus earlier because he exhibited sufficient nervousness to question him and conduct a consensual search of his belongings. Defendant was seated next to Harvey, and the complainant's seat, the alleged scene of the crime, was in close proximity. These circumstances, coupled with defendant's attempted concealment of the brown paper bag between her knees, provided the police with ample justification to proceed with the limited conduct of questioning defendant outside the bus (see, People v De Bour, supra; cf., People v Bennett, 121 AD2d 113, 117, affd 70 NY2d 891).

Finally, we cannot accept defendant's contention that County Court erroneously found that defendant had abandoned the bag of cocaine and therefore lacked standing to seek its suppression. As noted earlier, the detention and questioning of defendant was lawful so that her abandonment of the cocaine, clearly demonstrated in the record, was not prompted by any illegal police conduct (see, People v Boodle, 47 NY2d 398, 404-405, cert denied 444 US 969; People v Kosciusko, 149 AD2d 620). Rejecting defendant's remaining contentions, we affirm the judgment of conviction.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Mikoll and Yesawich, Jr., JJ., concur.