■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK FRASER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Bianchi, J.), rendered May 16, 1988, convicting him of attempted criminal possession of a weapon in the third degree, upon his plea of guilty, and sentencing him to a definite term of six months imprisonment and five years probation. The appeal brings up for review the denial, after a hearing (O'Brien, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is modified, on the law, by adding thereto a provision that the sentence of six months imprisonment shall be a condition of, and shall run concurrently with the sentence of five years probation; as so modified, the judgment is affirmed.

The record reveals that the so-called "gypsy taxicab" in which the defendant was riding as a passenger was lawfully stopped for violations of Vehicle and Traffic Law §§ 1127 and 1225.

After, among other things, seeing the defendant moving around in the back of the automobile and hearing a strange noise, the police officers who were issuing summonses to the driver of the gypsy taxicab asked the defendant to step out of the vehicle. One of the officers, who was standing nearby when the defendant exited the vehicle, testified that, upon looking into the vehicle from the outside, he observed the butt of a handgun protruding from the back seat. He immediately recovered the weapon and the defendant was placed under arrest.

Under the circumstances of the stop, including the fact that it occurred in an area where many robberies took place late at night, we find that it was not improper to ask the defendant to step out of the vehicle (see, People v Robinson, 74 NY2d 773, 775, cert denied — US —, 110 S Ct 411; People v McLaurin, 70 NY2d 779, 781). The hearing testimony further indicates that, once the defendant alighted from the vehicle, the gun was no longer hidden from view and could be viewed from the outside of the vehicle. According much weight to the determination of the suppression court which had the opportunity to see and hear the witnesses (see, People v Prochilo, 41 NY2d 759, 761), it must be concluded, on the basis of the

evidence adduced at the hearing, that the weapon was not seized pursuant to an illegal search *(see, People v Class,* 63 NY2d 491, 494-495, *revd on other grounds* 475 US 106) and therefore suppression was not warranted.

We modify the sentence imposed to make clear that the sentence of six months imprisonment shall be a condition of and shall run concurrently with the sentence of five years probation *(see,* Penal Law § 60.01 [2] [d] ). Thompson, J. P., Brown, Balletta and Miller, JJ., concur.