■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY GREEN, Also Known as MICHAEL BAKER, Appellant. —Crew III, J. Appeal from a judgment of the County Court of Sullivan County (Leaman, J.), rendered June 25, 1990, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the fifth degree and criminal possession of a controlled substance in the seventh degree.

On August 9, 1989 Police Officer Brent Buckles was in the Dunkin Donuts store in the Village of Monticello, Sullivan County, when a confidential informant advised Buckles that he had just left the Town of Fallsburg, that a "Ronnie's taxi" was coming to the Monticello Inn and that a passenger, seated in the rear seat behind the driver, would be in possession of crack cocaine. Acting upon this information, Buckles positioned his marked patrol car on State Route 42 and waited. A few minutes later a "Ronnie's taxi" passed by and Buckles followed the cab until it reached the Monticello Inn. When the cab stopped in the courtyard of the inn and began discharging its passengers, Buckles pulled up behind it and turned on his overhead flashing lights. As Buckles got out of his patrol car and approached the cab he noticed that defendant, who was seated in the rear seat behind the driver, had a brown paper

bag between his legs. Defendant, upon observing Buckles approach the cab, appeared edgy, dropped the bag to the floor and pushed it under the front seat with his foot. Defendant then opened the door to get out of the cab and, as he did so, Buckles asked him if he had dropped something, to which defendant replied that he had not. Buckles then reached into the cab, retrieved the bag and asked defendant if it belonged to him. Defendant responded in the negative. Buckles opened the bag and observed crack therein. Defendant was then placed under arrest and thereafter indicted for criminal possession of a controlled substance in the fifth and seventh degrees. Following a jury trial, defendant was convicted of both charges.

On this appeal, defendant contends that County Court erred in denying his motion to suppress the evidence taken from the cab. We disagree. Initially we observe that, contrary to defendant's contention, this is not a case involving a stop of an automobile which would have required Buckles to entertain a reasonable suspicion that the cab's occupants had been, were then or were about to be engaged in criminal conduct *(see, People v Ingle,* 36 NY2d 413, 418). Here, the cab was stopped in the courtyard of an inn discharging passengers and Buckles' approach to the cab was no different than the police officer's approach of the bus in *People v Hollman* (79 NY2d 181). Because we are concerned here with a police-citizen confrontation, the facts of this case are governed by the rationale in *Hollman.* In that case, the Court of Appeals instructed that a police officer may approach a citizen to request general information when there is some objective, credible reason for the interference, and if the police officer develops a founded suspicion that criminal activity is afoot the police officer may ask more pointed questions which would lead the person approached to believe that he is suspected of some wrongdoing and is the focus of the police officer's investigation.

In the case at bar, Buckles, based upon the information given to him by the informant, had an objective, credible reason to approach defendant. When he observed defendant drop the paper bag to the floor and push it under the front seat, as in *Hollman,* Buckles then had a founded suspicion that criminality was afoot. Based upon defendant's statements that he had not dropped anything and that the bag was not his, we conclude that defendant effectively abandoned it and that the subsequent seizure was permissible *(see, People v Hollman,* 168 AD2d 259, 261, *affd* 79 NY2d 181, *supra; People v*

*v Parker,* 163 AD2d 682, 684, *lv denied* 76 NY2d 942). Accordingly, the judgment must be affirmed.

Mikoll, J. P., Yesawich Jr., Mercure and Harvey, JJ., concur. Ordered that the judgment is affirmed.