■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL VAUGHAN, Appellant.—Appeals by the defendant from two judgments of the Supreme Court, Kings County (Greenberg, J.), both rendered May 22, 1990, convicting him of criminal possession of a controlled substance in the first degree and criminal possession of a weapon in the second degree under Indictment No. 4290/89, upon a jury verdict, and assault in the second degree under Indictment No. 3023/90, upon his plea of guilty, and imposing sentences. The appeal from the judgment of conviction rendered under Indictment No. 4290/89 brings up for review the denial, after a hearing (Fisher, J.), of that branch of the defendant's omnibus motion under that indictment which was to suppress certain physical evidence.

Ordered that the judgments are affirmed.

According to the evidence adduced at the suppression hearing in connection with the crimes charged under Indictment No. 4290/89, a vehicle, in which the defendant was a passen-

ger, was stopped by the police upon the police officers' reasonable belief that one of the passengers in the vehicle was a "wanted dangerous felon". One of the officers who approached the vehicle observed that despite the warm temperatures that day, the defendant wore a heavy quilted jacket which was completely closed, and a sweatjacket zipped up to his neck. Moreover, the officer observed a bulge in the defendant's jacket near his stomach area. The defendant also appeared nervous and was sweating. The officer directed the defendant to exit the vehicle. As the defendant exited the vehicle the officer grabbed the defendant's arm and told the defendant to place his hands on the vehicle. However, as the officer attempted to place the defendant's hands on the vehicle to conduct a protective pat-down frisk, the defendant punched the officer and attempted to flee. The police subdued the defendant and recovered a gun and ammunition clip from his waistband. Additionally, they recovered a bag which the defendant had in his hand as he exited the vehicle.

The defendant correctly contends that he was "seized" within the meaning of the Fourth Amendment when the officer grabbed his arm and attempted to conduct a pat-down frisk (see, Terry v Ohio, 392 US 1; People v Cantor, 36 NY2d 106, 111). However, we find no merit in the defendant's contention that the officer lacked reasonable suspicion to initially detain him. Considering the totality of the circumstances, including the defendant's presence with a suspected felon, his inappropriately heavy clothing, his nervousness, and the bulge near his waistline, which is a telltale sign of a weapon (see, People v De Bour, 40 NY2d 210, 221), the police reasonably suspected danger to themselves and possibly others (see, People v Bush, 171 AD2d 801). Therefore, the Supreme Court properly denied the defendant's motion to suppress the gun, the ammunition clip, and the bag, which was later found to contain cocaine.

Moreover, the Supreme Court properly allowed expert testimony regarding the pricing and packaging of cocaine, since this subject is not within the knowledge of the average juror (see, People v Cronin, 60 NY2d 430; People v Gallego, 155 AD2d 687).

The defendant's remaining contentions, including that raised in connection with his judgment of conviction under Indictment No. 3023/90, are either unpreserved for appellate review or without merit. Sullivan, J. P., Rosenblatt, Miller and Ritter, JJ., concur.