■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY TUTT, Appellant. [598 NYS2d 324] —Appeal by the defendant from a judgment of the County Court, Nassau County (Santagata, J.), rendered June 17, 1991, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant's contention that the gun recovered from the automobile should have been suppressed is without merit. The stop of the car was legal, as the officers observed the driver commit violations of the Vehicle and Traffic Law *(see, People v Ellis,* 62 NY2d 393). Once the car was legally stopped, the officers were legally permitted to ask the passengers to exit the vehicle because the car was stopped in an area with a high crime rate; the passengers were behaving nervously; the rear windows were tinted, preventing the officers from fully seeing the passengers *(see, People v McLaurin,* 70 NY2d 779; *People v Fraser,* 169 AD2d 840); and the driver had no license and said that he did not know who owned the car. While the rear passengers were exiting the vehicle, an officer spotted a gun on the floor of the car. Because the gun was in the plain view of the officer, suppression was properly denied *(see, People v Arias,* 170 AD2d 235; *People v McFadden,* 194 AD2d 567 [decided herewith]).

The defendant's contention that it was improper to apply the automobile presumption (Penal Law § 265.15 [3]) is also without merit. The gun was found underneath the foot of a rear passenger in the car occupied by the defendant. The jury was free to discredit this passenger's testimony, which was intended to show that the defendant did not know that the gun was in the car *(see, People v Delvas,* 181 AD2d 740). The defendant's further contention that the charge was defective because the jury was not instructed to make a factual determination as to whether the gun found under the occupant's foot was ''on his person'' (so as to exclude the other occupants from possession) is unpreserved for appellate review as it was not raised at trial *(see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). In any event, the claim is without merit because the court did instruct the jurors that it was up to them to determine if the defense witness' testimony rebutted the presumption.

Viewing the evidence in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

Finally, the sentence was neither harsh nor excessive *(see, People v Delgado,* 80 NY2d 780; *People v Suitte,* 90 AD2d 80). Rosenblatt, J. P., Miller, Eiber and Pizzuto, JJ., concur.