■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHILEAB JACOB, Also Known as DANIEL KINCH, Appellant. [608 NYS2d 508] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered January 14, 1988, convicting him of criminal possession of a controlled substance in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The taxicab in which the defendant was a passenger was stopped after two police officers noted the defendant's resemblance to an individual portrayed in a police department "Wanted" poster. The two officers who stopped the cab had reason to believe that the defendant would be armed. As one officer approached the passenger side of the cab and as the other officer approached the driver's side, the defendant lunged toward a briefcase. When asked by the officer on the passenger side to produce identification, the defendant lunged toward the briefcase a second time.

As the officer on the passenger side of the cab attempted to pull the defendant through the passenger door, the officer on the other side of the cab attempted to recover the briefcase at which the defendant was continuing to grasp. This officer eventually recovered the briefcase but not before its contents spilled out. This officer pushed the fallen items back inside the briefcase and placed the briefcase on the trunk of the cab as his partner removed the defendant.

The officer who had recovered the briefcase, still reasonably believing that the defendant would be armed, saw that the briefcase contained a brown paper package large enough to

contain a gun. The defendant disavowed ownership of the package, saying "That's not mine". This officer squeezed the package, felt cushioning around a hard object and asked the defendant whether the package contained a gun, to which the defendant replied by again denying his ownership. According to this officer's testimony, the defendant denied ownership of the package numerous times. Examination of the contents of the package led to the discovery of what appeared to be cocaine and to the defendant's subsequent arrest.

We agree with the Supreme Court that the officers had at the very least a reasonable suspicion that the defendant was the perpetrator of a homicide, so that their forcible stop and detention of him was warranted (see, People v Hollman, 79 NY2d 181; see also, People v Fulton, 189 AD2d 778; People v Vaughan, 187 AD2d 685; People v Salvaty, 163 AD2d 494). The defendant's express disavowal of his ownership of the package was not provoked by any unlawful police conduct and constituted an abandonment (see, People v Osborne, 194 AD2d 427; People v Hazel, 194 AD2d 440; People v Green, 185 AD2d 1009; People v Parker, 163 AD2d 682). Under these and all the other circumstances presented at the hearing, the Supreme Court properly denied suppression.

During the course of the jury's deliberations on this case, the court received a note signed by the foreperson of the jury which stated, "Judge Marrus, I have made a written mistake on the verdict sheet. What do I do now?". We agree with the People that the court did not commit reversible error in directing a clerk to deliver a new verdict sheet with instructions to the members of the jury that they should use the new verdict sheet to record their verdict (see, People v Lykes, 81 NY2d 767; People v Buxton, 192 AD2d 289).

We have examined the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Sullivan, Krausman and Goldstein, JJ., concur.