■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT WILLIAMS, Appellant. [637 NYS2d 465] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered May 4, 1992, convicting him of criminal possession of a controlled substance in the third degree (two counts), after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

At about 8:40 P.M. on September 13, 1991, Police Officer Kenneth Colbert and his partner were on uniformed patrol in a marked police car when they observed a taxicab make a left turn without signaling in the vicinity of Riverdale and Straus Streets in Brooklyn. As the officers put their lights and siren on, Officer Colbert noticed the defendant, who was the passenger in the rear seat of the taxicab, look over his shoulder. Just before the taxicab came to a stop, Officer Colbert saw the defendant lean forward.

While his partner approached the driver's side of the taxicab, Officer Colbert approached the passenger side of that vehicle. When Officer Colbert shined his flashlight into the rear passenger compartment "for my safety to make sure he didn't have a weapon", Officer Colbert observed the defendant trying

to kick a brown paper bag under the front seat. Upon observing the defendant kicking the bag, Officer Colbert asked the defendant, "What was in the bag?". After the defendant responded, "it's not my bag. What bag are you talking about?", Officer Colbert asked the defendant to step out of the taxicab since "it was my belief that there could possibly be a gun in the bag". Once the defendant was out of the taxicab, Officer Colbert retrieved the bag, opened it, and found that it was filled with vials of crack cocaine.

Contrary to the defendant's contentions, we find that the court properly denied suppression of the contents of the paper bag. Since the police officer observed the taxicab make a left-hand turn without signaling, it is clear that the initial stop of the taxicab for the traffic violation was proper (see, People v Ingle, 36 NY2d 413; People v Barnum, 175 AD2d 332). Moreover, Officer Colbert's use of the flashlight to illuminate the rear passenger compartment of the taxicab was also proper (see, People v Beriguette, 84 NY2d 978).

Given the danger inherent in the stop of a motor vehicle (see, Pennsylvania v Mimms, 434 US 106; People v Bush, 171 AD2d 801) and the defendant's furtive attempts to hide the bag under the front seat, Officer Colbert's belief that the defendant may have been in possession of a weapon was reasonable under the circumstances (see, People v Jean-Louis, 154 AD2d 393; People v McClane, 143 AD2d 848). Thus, Officer Colbert was justified in making the reasonable and minimal inquiry of what was in the bag (see, People v Rodriguez, 160 AD2d 960; also see, People v Hollman, 79 NY2d 181).

The defendant's express disavowal of his ownership of the bag was not provoked by any unlawful police conduct and constituted an abandonment (see, People v Jacob, 202 AD2d 444; also see, People v Green, 185 AD2d 1009). Therefore, the subsequent seizure and opening of the bag by Officer Colbert was permissible. Balletta, J. P., Ritter, Thompson and Florio, JJ., concur.