■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO CISNERO, Appellant. [641 NYS2d 286] —Judgment, Supreme Court, Bronx County (Daniel Sullivan, J.), rendered April 20, 1994, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree, and sentencing him, as a second violent felony offender, to a term of $3^1/2$ to 7 years, unanimously affirmed.

Defendant's claim that the police had no reasonable basis to fear for their safety after stopping the car in which the gun sought to be suppressed was found, and that the search of the car was therefore unlawful, is unpreserved as a matter of law, since, at the suppression hearing, it was the predicate for the stop, rather than the search, that was challenged, and we decline to review the claim in the interest of justice. In any event, if we were to review it, we would find that suppression of the gun was properly denied upon evidence that the police pulled the car over for a traffic infraction, the propriety of which stop is not contested on appeal, that as the officers approached the car, containing four occupants, defendant, in the rear seat on the driver's side, appeared very nervous, and was

then seen by the officers, as they came astride each side of the car, to bend down in an apparent attempt to conceal something beneath the driver's seat; that the officers, fearing for their safety, asked the occupants to exit the car; that a loaded and operable handgun was retrieved from the exact location where defendant was observed concealing it; that the officers concededly did not touch any other part of the car; and that as an officer was reaching into the car, defendant broke away and fled, but was apprehended after a chase of a few blocks. *People v Torres* (74 NY2d 224) is distinguishable in that, although the defendant there had also been removed from the car, an intrusive search of a closed container in a car was conducted where there were no objective circumstances constituting a threat from an already detained suspect (*see also, People v Chapman*, 211 AD2d 544, *lv denied* 85 NY2d 970). Here, the officers' observations provided a reasonable objective basis to fear for their safety, justifying a limited intrusion into the car (*People v Jean-Louis*, 154 AD2d 393; *compare, People v Ba Chann*, 221 AD2d 155).

We have considered defendant's remaining claims and find them to be without merit. Concur—Milonas, J. P., Kupferman, Ross and Tom, JJ.