■ . THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROOSEVELT WILLIAMS, JR., Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOSEPH W. FAIRCLOTH, Respondent. [752 NYS2d 709] —Appeal by the People, as limited by their brief, from so much of an order of the County Court, Orange County (DeRosa, J.), dated December 11, 2001, as granted those branches of the defendants' separate omnibus motions which were to suppress certain physical evidence.

Ordered that the order is reversed insofar as appealed from, on the law, those branches of the defendants' separate omnibus motions which were to suppress certain physical evidence are denied, and the matter is remitted to the County Court, Orange County, for further proceedings.

The defendant Roosevelt Williams, Jr., was the driver and the defendant Joseph W. Faircloth was the passenger in a vehicle stopped by the police for speeding. Just before the stop, Faircloth looked back at the police, looked nervously away, and then bent forward in his seat, as if he were doing something at his feet. Based on experience and training, the officer effecting the stop believed that Faircloth may have been secreting a weapon under his seat and called for backup. Once stopped, both defendants were asked to exit the vehicle and were then questioned. Both denied that any suspicious conduct had occurred during the stop. Faircloth stated that he had merely been speaking with Williams. The police then asked and obtained Williams' consent to search the vehicle for a weapon. A search under the front passenger seat (Faircloth's seat), the area that the police were "alarmed about" and believed might contain a weapon, revealed a plastic bag containing cocaine. We now reverse so much of an order of the County Court as granted those branches of the separate omnibus motions of the defendants which were to suppress the cocaine recovered from the vehicle.

It is undisputed that the police lawfully stopped the defendants' vehicle for speeding and that, pursuant to such a lawful stop, the defendants were permissibly removed from the vehicle and questioned (*see People v Carvey,* 89 NY2d 707; *People v Robinson,* 74 NY2d 773, 774, *cert denied* 493 US 966; *People v Forbes,* 283 AD2d 92, 94-95). Rather, the determination of this appeal turns on whether the police were justified in seeking consent to search the vehicle. We find that they were.

A request for consent to a search constitutes a common-law inquiry and must be supported by a founded suspicion that criminality is afoot (*see People v Battaglia,* 86 NY2d 755, 756; *People v Hollman,* 79 NY2d 181; *People v Torres,* 74 NY2d 224;

*People v Young,* 207 AD2d 465; *People v Woods,* 189 AD2d 838). Here, Faircloth's suspicious conduct of looking back at the police, looking nervously away, and then appearing to secrete something at his feet, for which no adequate, innocent explanation was provided, and which, to the trained and experienced eye of the police officer, reasonably indicated that Faircloth might be secreting a weapon under his seat, was sufficient to give rise to such a founded suspicion and to support a request for consent to search (*see People v Hodge,* 44 NY2d 553; *People v DePace,* 127 AD2d 847; *cf. People v Atkins,* 273 AD2d 12; *People v Velasquez,* 217 AD2d 510; *People v Rodriquez,* 160 AD2d 960, 961; *People v Jean-Louis,* 154 AD2d 393, 395; *People v McClane,* 143 AD2d 848, 849). Thus, the search may be sustained based on consent, and suppression of the cocaine recovered from the vehicle should have been denied.

In light of our determination, we need not reach the People's remaining argument for reversal. Ritter, J.P., Friedmann, Luciano and H. Miller, JJ., concur.