■ In the Matter of TIEREES O., a Person Alleged to be a Juvenile Delinquent, Appellant. [763 NYS2d 768] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Hepner, J.), dated August 6, 2001, which, upon a fact-finding order of the same court dated June 11, 2001, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of crimi-

nal possession of a weapon in the third degree, upon his admission, adjudged him to be a juvenile delinquent and placed him on probation for a period of 18 months. The appeal brings up for review the fact-finding order dated June 11, 2001, and the denial, after a hearing, of that branch of the appellant's omnibus motion which was to suppress physical evidence.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Contrary to the appellant's contention, the Presentment Agency's answering affidavit sufficiently refuted the allegations in his motion to suppress (see People v Weaver, 49 NY2d 1012 [1980]; People v Gruden, 42 NY2d 214, 218 [1977]). Accordingly, the Family Court properly declined to summarily grant the motion (see CPL 710.60 [2]).

The police lawfully stopped the vehicle, in which the appellant was a front-seat passenger, for a traffic violation (see People v McLaurin, 70 NY2d 779, 781 [1987]; People v Williams, 223 AD2d 745, 746 [1996]; cf. People v Ingle, 36 NY2d 413, 414-415 [1975]). Moreover, the arresting officer was justified in directing the appellant to exit the vehicle in light of the contradictory pedigree information he provided to the officer and the appellant's furtive gestures, which included his suspicious hand movements of reaching underneath his seat (see People v McLaurin, supra at 781-782; see also Matter of Alphonso J., 157 AD2d 493 [1990]).

The arresting police officer also was justified in grabbing the appellant's arms and raising them in the air as a safety precaution once the appellant exited the vehicle since the appellant made a hand motion toward his waistband (see generally People v Allen, 73 NY2d 378, 380 [1989]; People v De Bour, 40 NY2d 210, 223 [1976]; People v Ortiz, 186 AD2d 505, 506-507 [1992]). Further, the arresting officer had probable cause to arrest the appellant after the officer discovered that the appellant had a gun in his hand (see generally People v De Bour, supra).

Accordingly, the Family Court properly denied the appellant's motion to suppress the gun which was recovered from his person. Florio, J.P., Schmidt, Crane and Cozier, JJ., concur.