■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TARIQ WYATT, Appellant. [788 NYS2d 362]—

Judgment, Supreme Court, New York County (Edward Mc-Laughlin, J., at hearing; Michael R. Ambrecht, J., at plea and sentence), rendered June 18, 2003, convicting defendant of assault in the first degree, and sentencing him, as a second felony offender, to a term of nine years, unanimously affirmed.

The court properly denied defendant's suppression motion. The police had an objective credible reason for approaching defendant to request information, when, at a crime-ridden location, they observed him pass two other men and repeatedly stare back at them with an "angry," "menacing" look (*see generally People v De Bour*, 40 NY2d 210, 223 [1976]). The officer's articulable reason for requesting information was not simply that defendant had an angry expression, but that the officer had witnessed what appeared to be a street encounter that carried a potential for violence. The officer's question, about whether defendant had any problem with the other two men, was within the proper scope of a request for information, since it was nonthreatening and did not focus on any criminality by defendant (*see People v Hollman*, 79 NY2d 181, 190-191 [1992]).

When defendant then failed to respond to the officer's question, glared angrily at the officer and began to reach for his back pocket, the encounter escalated and the officer was justified in placing his hand on defendant's back pocket to prevent defendant from possibly drawing a weapon. This was not a

"frisk," but a minimal self-protective measure (*see People v Campbell*, 293 AD2d 396 [2002], *lv denied* 98 NY2d 695 [2002]). When the officer felt a hard object that, given the surrounding circumstances, suggested the presence of a weapon, the officer was justified in squeezing it, whereupon he discerned that it was a firearm (*see People v Ortiz*, 186 AD2d 505 [1992], *lv denied* 81 NY2d 845 [1993]).

Accordingly, the court properly denied defendant's motion to suppress the weapon recovered from his person. There is no basis for suppression of his statement at the precinct, and the two subsequent lineup identifications.

We perceive no basis for reducing the sentence. Concur—Friedman, J.P., Marlow, Nardelli, Sweeny and Catterson, JJ.