■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUSSELL CHEEK, Appellant. [794 NYS2d 129]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered September 9, 2003, convicting him of criminal possession of a weapon in the third degree (two counts) and imposing sentence. The appeal brings up for review an order of the same court (Grosso, J.), dated August 1, 2003, which, upon reargument, adhered to a prior determination in an order dated May 8, 2003, denying that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Upon reargument, the Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress a handgun found inside a vehicle in which he was a passenger. At the time of the legal traffic stop, the detectives were aware, through a confidential informant, that a gun sale was to take place involving a suspect matching the defendant's description. The detectives were further aware that the suspect would be in a specific vehicle at a specific location and time. The detectives observed a vehicle matching that description. A check of the mobile police computer revealed that the vehicle registration was suspended. The vehicle was then legally stopped by the detectives. An individual matching the description of the suspected gun dealer was found to be a passenger in the car. Accordingly, a reasonable basis existed for the detectives to conclude that a gun was present in the vehicle and that their safety was endangered. This perceptible risk was heightened when one of the detectives observed furtive movements by the defendant while still in the front seat of the vehicle. Under these circumstances, the limited police intrusion in the area of the vehicle where the furtive movements were seen, i.e., beneath the front passenger seat, was justified (*see People v Carvey*, 89 NY2d 707, 712 [1997]; *People v Mundo*, 99 NY2d 55, 59 [2002]; *People v Peart*, 283 AD2d 14, 19 [2001]; *People v Worthy*, 261 AD2d 277 [1999]; *People v March*, 257 AD2d 631, 633 [1999]; *People v Cisnero*, 226 AD2d 279, 280 [1996]; *People v Batash*, 163 AD2d 399, 400 [1990]; *People v Rodriquez*, 160 AD2d 960, 961 [1990]). Florio, J.P., Adams, Luciano and Skelos, JJ., concur.