◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN JONES, Appellant. [834 NYS2d 810]—

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered August 21, 2006. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the first degree.

It is hereby ordered that the case is held, the decision is reserved, and the matter is remitted to Onondaga County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]). The sole contention of defendant on appeal is that County Court erred in refusing to suppress physical evidence seized by the police from the trunk of his vehicle. The evidence at the suppression hearing established that the police stopped the vehicle driven by defendant based on his violation of a noise ordinance. The police had received numerous complaints of drug activity in the area in which defendant's vehicle was stopped. Two officers approached defendant and requested his license, registration, and insurance information, which he provided, and the officers returned to their vehicle. While seated in their vehicle, they observed defendant reach toward "the center console, front passenger seat area" and, in testifying at the suppression hearing, defendant admitted that he had reached over and opened the center console. The officers testified that they believed that defendant was either retrieving or concealing a weapon or illegal contraband. They ordered defendant to step outside his vehicle, whereupon one of the officers patted him down and retrieved a large wad of money in small denominations consistent with street level sales of cocaine. At that point, defendant began to behave in a nervous manner. One of the officers searched the front passenger seat area but did not find anything. The officer then searched the rear passenger seat area and found a digital scale with white residue on it. The officer then searched the front driver's side area, where he found small pieces of white residue resembling crumbs of crack cocaine. Based on the discovery of the scale in the rear passenger seat area and the white residue in the front driver's side and rear passenger seat areas, the officers conducted a full search of the vehicle and found cocaine in the trunk of the vehicle. In refusing to suppress the cocaine, the court determined that the police were justified in searching the "grabbable area" of the vehicle. That was error.

"A police officer acting on reasonable suspicion that criminal

activity is afoot and on an articulable basis to fear for his own safety may intrude upon the person or personal effects of the suspect only to the extent that is actually necessary to protect himself from harm" (*People v Torres*, 74 NY2d 224, 226 [1989]; *see People v Woods*, 189 AD2d 838, 843 [1993]). "A police officer's entry into a citizen's automobile and his inspection of personal effects located within are significant encroachments upon that citizen's privacy interests" (*Torres*, 74 NY2d at 229-230). Such an intrusion "must be both justified in [its] inception and reasonably related in scope and intensity to the circumstances which rendered [its] initiation permissible" (*id.* at 230). Probable cause is not always required for a limited search of a vehicle; "there may well be circumstances where, following a lawful stop, facts revealed during a proper inquiry or other information gathered during the course of the encounter lead to the conclusion that a weapon located within the vehicle presents an actual and specific danger to the officers' safety sufficient to justify a further intrusion, notwithstanding the suspect's inability to gain immediate access to that weapon" (*id.* at 231 n 4). However, the Court of Appeals has "emphasized . . . that a reasonable suspicion alone will not suffice" (*People v Carvey*, 89 NY2d 707, 711 [1997]). "[T]he likelihood of a weapon in the [vehicle] must be substantial and the danger to the officer's safety 'actual and specific' " (*id.*).

Here, the police properly conducted a limited search of defendant's vehicle. The police stopped defendant's vehicle in an area in which there had been numerous complaints of drug activity. As the police were reviewing the information provided by defendant with respect to his license, registration, and insurance, they observed defendant reach toward the passenger side of the vehicle, and they feared that defendant was retrieving or concealing a weapon. Upon conducting a pat-down search, the police recovered a large "wad" of money in small denominations consistent with the street level sale of cocaine, and defendant began to behave in a nervous manner. Under those circumstances, the police were justified in conducting a limited search of those parts of the vehicle in which they had observed defendant's furtive movements, i.e., the front passenger area and center console (*see People v Mundo*, 99 NY2d 55, 59 [2002]; *Carvey*, 89 NY2d at 712; *People v Fludd*, 20 AD3d 351, 353 [2005], *lv denied* 5 NY3d 852 [2005]; *People v Cheek*, 18 AD3d 475, 476 [2005], *lv denied* 5 NY3d 786 [2005]; *People v Anderson*, 17 AD3d 166, 168 [2005]). The search should have ended, however, when the police found no weapon or contraband in the front passenger area and center console.

As an alternative ground for affirmance, the People contend

that defendant consented to the search of his vehicle. Defendant contends, however, that he did not consent to the search and that, even if he had consented, the consent was not voluntary because the officers' request to search his vehicle was improper. Although the officers and defendant testified at the suppression hearing on the issue of consent, the court did not resolve that issue. We therefore hold the case, reserve decision, and remit the matter to County Court to make findings of fact with respect to that issue based upon the evidence presented at the suppression hearing (*see People v LaFontaine*, 92 NY2d 470, 474-475 [1998], *rearg denied* 93 NY2d 849 [1999]; *People v Turriago*, 90 NY2d 77, 87 [1997], *rearg denied* 90 NY2d 936 [1997]; *see also People v Cureaux*, 147 AD2d 493, 494 [1989]). Present— Scudder, P.J., Hurlbutt, Centra, Fahey and Green, JJ.