THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v EDUARDO BLANCO and ARMANDO REYES, Respondents. [889 NYS2d 93]—

Appeal by the People, as limited by their brief, from so much of two orders of the County Court, Orange County (Freehill, J.), both dated November 18, 2008, as, upon reargument, adhered to its original determinations in two orders, both dated September 17, 2008, made after a hearing, granting those branches of the defendant's separate omnibus motions which were to suppress physical evidence and certain statements to law enforcement officials.

Ordered that the orders dated November 18, 2008 are reversed insofar as appealed from, on the law, upon reargument, the orders dated September 17, 2008 are vacated, and those branches of the defendants' separate omnibus motions which were to suppress physical evidence and certain statements to law enforcement officials are denied.

We agree with the People's contention that, upon reargument, those branches of the defendants' separate omnibus motions which were to suppress physical evidence and certain statements to law enforcement officials should have been denied. It is undisputed that the troopers lawfully stopped the vehicle driven by the defendant Armando Reyes, and occupied by the defendant Eduardo Blanco. The vehicle was observed traveling at a speed of 40 miles per hour in a 60 mile-per-hour zone, and repeatedly crossing the fog line with both right tires (see People v Parris, 26 AD3d 393, 394 [2006]).

In addition, the troopers could lawfully require both defendants to exit the vehicle (see People v Robinson, 74 NY2d 773, 774 [1989], cert denied 493 US 966 [1989]). The troopers' subsequent request for consent to search the vehicle constituted a common-law inquiry, that had to be supported by a founded suspicion that criminality was afoot (see People v Battaglia, 86 NY2d 755, 758 [1995]; People v Williams, 300 AD2d 684, 685 [2002]; see generally People v Hollman, 79 NY2d 181 [1992]; People v Torres, 74 NY2d 224 [1989]).

Under the circumstances presented, that standard was met. As Trooper Cirigliano and his partner approached the vehicle, in the vicinity of Chester, in Orange County, the time was approximately 4:15 A.M. Blanco was observed reaching toward the floor of the car in the area of the passenger seat for several seconds prior to returning to the upright position, and Trooper Cirigliano was concerned that there might be a weapon in that area. Trooper Cirigliano asked Reyes why he was traveling at 40 miles per hour in a 60 mile-per-hour zone. Reyes explained that he was having transmission trouble. When asked why he crossed the fog line, Reyes had no response. Reyes also explained that he had left work in Brooklyn at 1:00 A.M., and was traveling home. He did not know why his passenger was reaching toward the floor of the vehicle. Trooper Cirigliano then spoke with Blanco. In response to the trooper's questions, Blanco stated that the two were coming from the home of Reyes's cousin, in Queens. Blanco did not know why Reyes was driving slowly. Blanco also stated that he moved toward the floor of the vehicle because he was reaching for his wallet. Trooper Cirigliano then spoke with Reyes again, asking why there was a discrepancy in the defendants' accounts of the origin of their trip. Reyes stated that he was unaware of the reason for the discrepancy. Trooper Cirigliano asked for, and received, consent to search the area of the vehicle where Blanco had reached. When he conducted the search, he observed a plastic bag sticking out of the center console area, near the passenger floor area. He pulled the bag down, exposing its contents; inside were five individual, clear ziplock baggies containing a white, powdery substance (which later tested positive for cocaine), and approximately 75 empty glassine envelopes. Trooper Cirigliano recovered from the same area a red digital scale.

In sum, the totality of the circumstances, including the discrepancies in the defendants' responses to the police, justified the request for consent to search (*see People v Leiva*, 33 AD3d 1021, 1023 [2006]; *People v Williams*, 300 AD2d 684, 684-685 [2002]; *People v Carter*, 199 AD2d 817, 818-819 [1993], *affd* 86 NY2d 721 [1995]).

Accordingly, upon reargument, the County Court should have denied those branches of the defendants' separate omnibus motions which were to suppress physical evidence and their post-arrest statements to the police, and vacated the orders dated September 17, 2008.

In light of our determination, the People's remaining contention has been rendered academic. Dillon, J.P., Miller, Angiolillo and Dickerson, JJ., concur.