■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL JOHNSON, Appellant. [920 NYS2d 710]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Braun, J.), rendered November 18, 2009, convicting him of criminal possession of a weapon in the third degree (two counts), after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt with respect to two counts of criminal possession of a weapon in the third degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]; *People v Tutt*, 194 AD2d 575, 575-576 [1993]; *People v Delvas*, 181 AD2d 740, 740 [1992]). A police officer, who had pulled the defendant's vehicle over for failing to use a turn signal, retrieved a loaded firearm from inside the vehicle, after he observed it protruding from a bag located on the

front passenger-side floor. Under the circumstances of this case, the factfinder properly invoked the "automobile presumption" pursuant to Penal Law § 265.15 (3) in finding the defendant guilty of two counts of criminal possession of a weapon in the third degree. Dillon, J.P., Florio, Chambers and Miller, JJ., concur.