OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, defendant’s motion to suppress denied, and the case remitted to the Appellate Division for consideration of the facts.
 

 After receiving a tip from an unidentified complainant concerning the reckless driving of a red Suzuki, with the top down or removed, a State Trooper immediately commenced a search for the allegedly offending vehicle. He observed a Suzuki matching the description and, while following it, ascertained that it had a faulty muffler
 
 (see
 
 Vehicle and Traffic Law § 375 [31]). The Trooper then activated his siren and pulled the vehicle over. Based upon his observations, defendant’s failure to pass sobriety tests and his admission as to drinking, the Trooper arrested the defendant for driving while intoxicated. Defendant was ultimately indicted and convicted of felony driving while intoxicated.
 

 On appeal, the Appellate Division reversed defendant’s judgment of conviction and granted defendant’s suppression motion on the ground that the Trooper used defendant’s traffic infraction as a pretext to investigate the matter reported by the complainant. Thus, the Appellate Division considered the Trooper’s primary motivation in concluding that defendant’s violation of the Vehicle and Traffic Law could not serve as a valid basis for a traffic stop. However,
 
 People v Robinson
 
 (97 NY2d 341), decided after the Appellate Division rendered its decision in the instant case, establishes that, provided a traffic stop is supported by probable cause, “neither the primary motivation of the officer nor a determination of what a reason
 
 *659
 
 able traffic officer would have done under the circumstances is relevant”
 
 (id.
 
 at 349). Because there is evidence to support the undisturbed finding of the suppression court that the Trooper had probable cause to believe defendant committed a muffler violation of the Vehicle and Traffic Law, the stop was lawful.
 

 Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley, Rosenblatt and Graffeo concur in memorandum.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, etc.