■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v SCOTT L. BOYEA, Respondent. [844 NYS2d 156]—

Kane, J. Appeal from an order of the County Court of Essex County (Meyer, J.), entered October 25, 2006, which, among other things, granted defendant's motion to suppress evidence.

The United States Border Patrol set up a checkpoint along Interstate 87 in Essex County. An unidentified motorist approached a Border Patrol agent and informed him that a white GMC pickup truck with an extended cab and white tonneau cover executed a U-turn into the median just before the checkpoint. The agent relayed this information to Border Patrol Agent Cory White, who exited I-87 in an effort to encounter the truck on Route 9, a road parallel to the interstate. White saw a truck matching the description he had received and noticed the truck cross the center line, then overcorrect by driving right of the white fog line. After White activated his lights, the vehicle pulled over. As he approached the vehicle, defendant rolled down the window, at which time White smelled the odor of marihuana. Defendant, who was driving the truck and appeared fidgety, admitted that he had made a U-turn on I-87 to avoid the checkpoint. In response to a question about whether defendant had any marihuana, defendant acknowledged that he had smoked a little bit, but denied that there was any in the truck bed. When White stated that a canine handler could be called from the checkpoint, defendant stated, "Sir, you're going to bust me . . . This is going to be hard on my mom because there's pounds back there." Defendant then consented to a

search of the truck, which revealed 88 pounds of marihuana in two hockey bags under the tonneau cover.

Defendant was arrested and indicted for criminal possession of marihuana in the first degree. Following a hearing, County Court granted defendant's motion to suppress the physical evidence and his statement to White, requiring dismissal of the indictment. The People appeal.

County Court erroneously determined that Border Patrol agents do not have the authority to conduct searches or arrests for violations of state law. Designated federal law enforcement officers, including Customs and Border Patrol agents, are granted the powers accorded to peace officers in New York (*see* CPL 2.15 [7]; 2.20). Those powers include the authority to enforce state law by making warrantless arrests for offenses committed in the agent's presence and carrying out warrantless searches when constitutionally permissible and effected pursuant to the agent's duties (*see* CPL 2.20 [1] [a], [c]; *see also Hodder v United States*, 328 F Supp 2d 335, 343-344 [2004]). Hence, White's status as a federal agent did not deprive him of authority to stop or search defendant's truck, if those actions could have been permissibly executed by a state law enforcement agent.

White's stop and search of defendant's vehicle were justified under the circumstances. After receiving a description of a truck that avoided a checkpoint, White located a vehicle matching that description and observed the vehicle swerving on the road. Based on his belief that the vehicle may have evaded the checkpoint because it was smuggling aliens or narcotics, White reasonably stopped the vehicle to question the occupant concerning his citizenship and for an explanation of his conduct near the checkpoint (*see People v Carrillo*, 257 AD2d 780, 781-782 [1999], *lv denied* 93 NY2d 967 [1999]). Once the truck was properly stopped, White's detection of the odor of marihuana and defendant's admission that he had smoked marihuana provided probable cause to search the vehicle without a warrant (*see People v Pierre*, 8 AD3d 904, 905 [2004], *lv denied* 3 NY3d 710 [2004]; *People v Guido*, 175 AD2d 364, 365 [1991], *lv denied* 78 NY2d 1076 [1991]). Because White had probable cause to search the vehicle at that point, his statement that he would call the canine handler did not violate defendant's constitutional rights (*see People v Willette*, 42 AD3d 674, 675-676 [2007]). Under these circumstances, White lawfully obtained defendant's statement that he was busted because there were pounds in the truck, further supporting White's authority to search the vehicle (*see id.* at 676). As defendant's rights had not been violated,

and White's request for consent was based upon a founded suspicion that criminality was afoot, defendant's consent to search the vehicle was validly obtained and provided an additional basis for the search (*see People v Hodge*, 44 NY2d 553, 559 [1978]; *People v Johnson*, 17 AD3d 932, 934 [2005], *lv denied* 5 NY3d 790 [2005]; *People v Williams*, 300 AD2d 684, 684 [2002]).

Crew III, J.P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, motion denied and matter remitted to the County Court of Essex County for further proceedings not inconsistent with this Court's decision.