[925 NE2d 576, 898 NYS2d 538]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v THOMAS EDWARDS, JR., Respondent.

Decided February 16, 2010

**APPEARANCES OF COUNSEL**

*Frank A. Sedita, III, District Attorney,* Buffalo (*Michael J. Hillery* of counsel), for appellant.

*Law Office of Susan V. Tipograph,* New York City (*Susan V. Tipograph* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be reversed, the motion to suppress tangible property denied and the judgment of County Court reinstated.

Defendant was driving a vehicle that was stopped by the police based on probable cause to believe that a traffic infraction had occurred. During the course of the officers' investigation, cocaine residue was observed on defendant's hand and he was arrested. Crack cocaine was discovered in his pocket and there was over a half pound of the drug in the car.

Defendant moved to suppress the drugs, claiming that the police unlawfully extended the investigation of the traffic infraction because they suspected he might be involved with narcotics. Supreme Court denied the motion and defendant later pleaded guilty to drug and assault charges. The Appellate Division reversed, concluding that once the police officers determined that a traffic infraction had occurred, the purpose for the detention was exhausted and the continued seizure was unlawful. We disagree.

The initial stop of defendant's vehicle was permissible and the police officers' subjective motivation to investigate possible drug activity does not negate the objective reasonableness of the officers' actions (*see People v Wright,* 98 NY2d 657, 658-659 [2002]; *People v Robinson,* 97 NY2d 341, 350 [2001]). In addition, here, as a matter of law, the officers did not inordinately prolong the detention beyond what was reasonable under the circumstances to address the traffic infraction (*cf. People v Banks,* 85 NY2d 558, 562 [1995], *cert denied* 516 US 868 [1995]). Rather, it was proper for the police officers to return to defendant's vehicle in order to complete the traffic stop. Because drug residue was first seen while the police had a justifiable basis to continue the detention for the traffic infraction, that observation provided probable cause to arrest and search defendant, and the subsequent impoundment and inventory search of the vehicle were valid. Consequently, suppression of the drugs is not required.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur in memorandum.

On review of submissions pursuant to section 500.11 of the Rules of the Court of Appeals (22 NYCRR 500.11), order reversed, etc.