■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH G. YOUNG, Appellant. [927 NYS2d 221]—

Stein, J.

Defendant was the target of a narcotics investigation by the Broome County Narcotics Drug Task Force. During the investigation, Michael Clapp, a detective in the Broome County Sheriff's Office acting in an undercover capacity, contacted defendant on three separate occasions and made arrangements to purchase cocaine from him. On two of the three occasions, Clapp did in fact purchase cocaine from defendant. On the third occasion, defendant was arrested prior to the completion of the transaction. At the time of defendant's arrest, members of the task force searched him and the vehicle in which he had arrived. The search of the vehicle yielded a digital scale, a cellular telephone and some razor blades. Defendant was thereafter indicted on two counts of criminal sale of a controlled substance in the third degree and one count of sale of an imitation controlled substance. County Court denied his motion seeking, among other things, to suppress the evidence found on his person and in the vehicle. Defendant was ultimately convicted as charged after a jury trial and was sentenced, as a second felony offender, to an aggregate prison term of eight years followed by two years of postrelease supervision. Defendant now appeals and we affirm.

We reject defendant's argument that County Court should have suppressed the evidence found in the vehicle on the basis that the warrantless search was nonconsensual. The suppression hearing testimony of James Hawley, an investigator in the City of Binghamton Police Department, established that, upon defendant's arrest, the police approached the vehicle in which he had arrived and found Amber Martin, defendant's girlfriend, in the driver's seat. After informing Martin that defendant had been arrested, Hawley asked for and obtained her consent to search the vehicle. Martin testified at the suppression hearing that she did not give the police officers permission to search the vehicle. However, she further testified that, although defendant had purchased the vehicle, it was registered in her name and she had purchased the insurance. The hearing testimony, as a whole, was sufficient to demonstrate that the search of the vehicle was conducted with the voluntary consent of Martin (*see Schneckloth v Bustamonte*, 412 US 218, 219, 248-249 [1973]; *People v Gonzalez*, 39 NY2d 122, 124 [1976]; *People v Boyea*, 44 AD3d 1093, 1094-1095 [2007]), who had the requisite degree of

authority and control over the vehicle to provide such consent (*see People v Adams*, 53 NY2d 1, 8 [1981], *cert denied* 454 US 854 [1981]). At the very least, the police were entitled to " 'rely in good faith on the apparent capability of [Martin] to consent to a search' " (*People v Dean*, 46 AD3d 1229, 1231 [2007], *lv denied* 10 NY3d 763 [2008], quoting *People v Adams*, 53 NY2d at 9). Any conflicting testimony as to whether Martin gave her consent presented a credibility issue for County Court to resolve (*see People v Marshall*, 65 AD3d 710, 711 [2009], *lv denied* 13 NY3d 940 [2010]; *People v Williams*, 25 AD3d 927, 928 [2006], *lv denied* 6 NY3d 840 [2006]). Thus, we find no error in County Court's denial of the motion to suppress.

We are also satisfied that the verdict was based upon legally sufficient evidence and was in accord with the weight of the evidence. Clapp testified that he called defendant three different times, indicating each time that he had an amount of money with which to purchase cocaine. Defendant then instructed Clapp where to meet him and, in the first two instances, ultimately gave Clapp substances contained in plastic bags—which later tested positive as cocaine—in exchange for money (*see* Penal Law § 220.00 [7]; § 220.39 [1]; Public Health Law § 3306 [II] [b] [4]). Before the transaction was completed at the third arranged meeting, defendant was arrested and a white chunky substance in a plastic bag—which did not test positive as any illegal substance—was taken from his person (*see* Public Health Law § 3383 [1] [c]; [2]). Charles Woody Jr., a narcotics investigator with the City of Binghamton Police Department and the lead investigator on defendant's case, testified that he gave Clapp defendant's telephone number to call in order for him to set up the controlled buys. He further testified that he was present when the calls were made, that he conducted surveillance of the buys between defendant and Clapp and, thereafter, field tested and tagged for evidence the cocaine that defendant sold to Clapp. Contrary to defendant's assertions, Clapp and Woody each testified not only to what they would customarily do in the situation before them, but also to what they actually did and observed in the instant case. The People also presented the testimony of a forensic scientist with the State Police Crime Laboratory that two of the bags that defendant sold to Clapp contained cocaine, but that the substance found on defendant did not.

Viewing the evidence in the light most favorable to the People, we find that the evidence was legally sufficient to support defendant's convictions (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Baltes*, 75 AD3d 656, 658 [2010], *lv denied* 15

NY3d 918 [2010]; *People v Somerville*, 72 AD3d 1285, 1286 [2010]). Likewise, even if a different verdict would not have been unreasonable, upon our own review of the evidence and according the jury appropriate deference, we conclude that the verdict was not against the weight of the credible evidence (*see People v Romero*, 7 NY3d 633, 643-644 [2006]; *People v Bleakley*, 69 NY2d at 495; *People v Baltes*, 75 AD3d at 658).

We are not persuaded that defendant was denied the effective assistance of counsel. With regard to his claim that defense counsel should have objected to County Court's instruction to the jury concerning his failure to testify, inasmuch as the instructions given were consistent with CPL 300.10, we cannot say that counsel's failure to object was ineffective (*see People v Marshall*, 65 AD3d at 713). Defendant has failed to demonstrate the absence of strategy or other legitimate explanation for counsel's conduct with respect to the additional claimed deficiencies (*see People v Caban*, 5 NY3d 143, 152 [2005]; *People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Miller*, 13 AD3d 890, 892 [2004]). Reviewing the record as a whole, it is apparent that counsel was well prepared, pursued a plausible defense strategy, offered articulate opening and closing arguments and vigorously cross-examined witnesses. Even if counsel's representation was less than perfect, " 'the evidence, the law, and the circumstances of [the] case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation' " (*People v Henry*, 95 NY2d 563, 565 [2000], quoting *People v Baldi*, 54 NY2d 137, 147 [1981]; *see People v Battease*, 74 AD3d 1571, 1575-1576 [2010], *lv denied* 15 NY3d 849 [2010]).

Defendant was properly sentenced as a second felony offender in view of his two prior felony convictions—one in 1992 for attempted burglary in the second degree (a violent felony under Penal Law § 70.02 [1] [b], [c]) and one in 1996 for promoting prison contraband in the first degree (at which time he was sentenced as a second felony offender). Although defendant contended at his sentencing here that he was told at the time of his 1992 plea to the burglary charge that it was a nonviolent felony, he failed to demonstrate good cause for his failure to contest that conviction at the time of his 1996 sentencing or on appeal therefrom. Thus, he waived any claim as to the unconstitutionality of the earlier conviction (*see People v Alston*, 1 AD3d 627, 630 [2003], *lv denied* 1 NY3d 594 [2004]; *People v Jones*, 213 AD2d 801, 803 [1995], *lv denied* 85 NY2d 975 [1995]).

Nor is defendant's sentence harsh and excessive. Defendant had numerous prior convictions and violated his past probation

and parole sentences by committing new crimes while under supervision. "The fact that the sentence imposed after trial was greater than the sentence offered as part of a pretrial plea agreement offer, which defendant rejected, is not proof that defendant was penalized for exercising his right to a jury trial" (*People v Robinson*, 72 AD3d 1277, 1278 [2010], *lv denied* 15 NY3d 809 [2010] [citation omitted]; *see People v Somerville*, 72 AD3d at 1288-1289; *People v Brunson*, 68 AD3d 1551, 1557 [2009], *lv denied* 15 NY3d 748 [2010]). We find no extraordinary circumstances or abuse of discretion warranting a modification of the sentence in the interest of justice.

Mercure, J.P., Peters, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.