■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL D. VIELE, Appellant. [935 NYS2d 171]—

Rose, J.P.

After almost 50 pounds of marihuana were found in defendant's vehicle during a traffic stop, he was charged with criminal possession of marihuana in the first degree. Defendant's motion to suppress the evidence against him on the ground that the stop was made without probable cause was denied, and he then pleaded guilty to the indictment. Defendant now appeals, challenging only the denial of his motion to suppress.

The unrefuted testimony at the suppression hearing revealed that defendant was initially stopped because the pick-up truck he was driving in the early morning darkness had an inoperative headlight (*see* Vehicle and Traffic Law § 375 [2] [a] [1]). The State Trooper who made the stop issued a verbal warning about the headlight and allowed defendant to continue on his way. A second Trooper overheard the license and registration check on his radio and contacted the first Trooper to inquire about the stop because he sought to investigate defendant further concerning more serious criminal activity. The second Trooper then stopped defendant's pick-up truck, which still had an inoperative headlight. Detecting an odor of marihuana, the second Trooper secured defendant's consent to search the vehicle, leading to discovery of the marihuana. County Court, correctly relying on *People v Robinson* (97 NY2d 341 [2001]), properly concluded that the second Trooper had probable cause to stop the vehicle, regardless of his underlying reason.

Defendant acknowledges that a police officer has probable cause to stop a vehicle temporarily for an observed violation of the Vehicle and Traffic Law, but contends that the Troopers tailored their testimony to avoid constitutional objections and they conspired in bad faith to stop the vehicle the second time, thereby taking it beyond the type of pretextual stop sanctioned by *Robinson*. Inasmuch as the second Trooper frankly admitted that his purpose in making the stop was to investigate criminal activity unrelated to the inoperative headlight, however, we can find no basis to conclude that the Troopers tailored their testimony to avoid constitutional objections (*see People v Keith*, 240 AD2d 967, 968 [1997], *lv denied* 90 NY2d 906 [1997]). Probable cause for the stop existed in light of the undisputed traffic violation and, as the subjective motivation to investigate other possible criminal activity "does not negate the objective reasonableness" of the stop (*People v Edwards*, 14 NY3d 741, 742 [2010]; *see People v Douglas*, 42 AD3d 756, 757 [2007], *lv denied* 9 NY3d 922 [2007]), County Court properly denied the motion to suppress (*see People v Wright*, 98 NY2d 657, 658-659 [2002], *cert denied* 537 US 911 [2002]; *People v Hawkins*, 45 AD3d 989, 991 [2007], *lv denied* 9 NY3d 1034 [2008]; *People v Garcia*, 30 AD3d 833, 834 [2006]).

Lahtinen, Kavanagh, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed.