■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER N. MCLEAN, Appellant. [952 NYS2d 672]—

Garry, J.

In September 2009, a United States Border Patrol agent observed defendant driving on a state highway in the Town of Massena, St. Lawrence County. The agent followed the vehicle and pulled defendant over when he began driving erratically. At the request of a second agent who arrived during the stop, defendant consented to a search of the vehicle that disclosed two bags in the trunk containing a substantial quantity of marihuana. Defendant was arrested and transported to the Massena State Police barracks, where he received *Miranda* warnings and made incriminating statements.

Defendant was indicted for criminal possession of marihuana in the first degree. He moved to suppress the marihuana and his statements, contending that the agent lacked reasonable suspicion to stop his vehicle and that his consent to the search was invalid. After County Court denied this motion, he pleaded guilty to the indictment and was sentenced to a probation term of five years. He appeals, challenging the denial of the suppression motion.

We affirm. First, the agents had the same law enforcement powers as state peace officers; thus, their actions were valid if they could properly have been performed by state law enforcement agents (*see* CPL 2.15 [7]; 2.20, 140.25; *People v Boyea*, 44 AD3d 1093, 1094 [2007]). An officer who has probable cause to believe that a driver has committed a traffic violation may lawfully stop the vehicle even if the infraction is not the officer's

primary motivation for the stop (*see People v Robinson*, 97 NY2d 341, 349 [2001]; *People v Viele*, 90 AD3d 1238, 1239 [2011], *lv denied* 19 NY3d 868 [2012]). Here, the agent testified that defendant had been driving at approximately the highway speed limit of 55 miles per hour, but abruptly slowed his vehicle to 40 miles per hour without apparent good cause when the agent began following him, and that defendant's vehicle was weaving erratically between the center line and fog line of his lane, apparently because he was checking his rear- and side-view mirrors rather than watching the road ahead (*see* Vehicle and Traffic Law §§ 1181, 1212; *People v Blanco*, 67 AD3d 923 [2009]; *compare People v Davis*, 58 AD3d 896, 898 [2009]). These traffic infractions gave the agent probable cause to stop defendant's vehicle; the "objective reasonableness" of this stop was not negated by the agent's subjective intention to also investigate the possibility that defendant was involved in smuggling (*People v Edwards*, 14 NY3d 741, 742 [2010]; *accord People v Viele*, 90 AD3d at 1239).

Indeed, the conclusion that the stop was lawful is buttressed by the agent's testimony describing "specific articulable facts, together with rational inferences from those facts, that reasonably warrant[ed] suspicion" that defendant was engaged in smuggling (*United States v Brignoni-Ponce*, 422 US 873, 884 [1975]; *accord People v Carrillo*, 257 AD2d 780, 782 [1999], *lv denied* 93 NY2d 967 [1999]; *see People v Boyea*, 44 AD3d at 1094). The agent described the underlying facts that he observed and found consistent with tactics used by smugglers in the area. Although these facts were innocuous in themselves, viewed in light of the agent's training and experience, they provided "the quantum of knowledge sufficient to induce an ordinarily prudent and cautious [person] under the circumstances to believe criminal activity [was] at hand" and constituted reasonable suspicion justifying the stop (*People v Cantor*, 36 NY2d 106, 112-113 [1975]; *see People v Mothersell*, 14 NY3d 358, 366-367 [2010]; *People v Solano*, 46 AD3d 1223, 1224-1225 [2007], *lv denied* 10 NY3d 817 [2008]).

Finally, we reject defendant's argument as to the search of his vehicle. The agent testified that defendant was visibly nervous, with hands shaking so badly that he dropped his vehicle rental documents as he tried to retrieve them, and he then made several inconsistent statements regarding the rental transaction and his residency. When defendant stated that he had been visiting his Canadian uncle at a casino on the nearby reservation, the agent's suspicions were further aroused, as he knew that goods smuggled from Canada were often transferred at this

location. According to the agent, the fact that defendant had not rented the vehicle he was driving was also suggestive of smuggling, as smuggling couriers in the area were frequently provided with vehicles rented by third parties. Based upon these facts, together with the facts justifying the initial stop of defendant's vehicle, the request for defendant's "consent was based upon a founded suspicion that criminality was afoot," and the resulting search was valid (*People v Boyea*, 44 AD3d at 1095; *see People v Battaglia*, 86 NY2d 755, 756 [1995]; *People v Coutant*, 16 AD3d 772, 774 [2005]). Accordingly, County Court properly denied defendant's suppression motion.

Mercure, J.P., Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.