The People of the State of New York, Respondent, 
against
Krishna Ramrattan, Appellant.



Appeal from a judgment of the Criminal Court of the City of New York, Queens County (Michelle A. Armstrong, J.), rendered May 9, 2013. The judgment convicted defendant, upon his plea of guilty, of disorderly conduct. The appeal brings up for review an order of the same court (John F. Zoll, J.) dated March 21, 2013 which, after a hearing before a judicial hearing officer (Louis Douglas, J.H.O.), denied defendant's motion to suppress evidence.




ORDERED that the judgment of conviction is affirmed.
Defendant was charged with driving while ability impaired by drugs (Vehicle and Traffic Law § 1192 [4]) and failing to have an adequate muffler (Vehicle and Traffic Law § 375 [31]). Defendant's motion to suppress evidence was denied following a hearing. Defendant subsequently pleaded guilty to disorderly conduct (Penal Law § 240.20) in satisfaction of the pending charges.
Contrary to defendant's contention, the Criminal Court properly determined that the police officer had probable cause to stop defendant's vehicle, since the officer had reasonable cause to believe that a traffic violation had occurred (see People v Wright, 98 NY2d 657, 659 [2002]; People v Robinson, 97 NY2d 341, 348-349 [2001]; People v John, 119 AD3d 709 [2014]). The officer's testimony at the suppression hearing established that he could hear a loud noise emanating from defendant's vehicle's exhaust system from approximately five car lengths away, in violation of Vehicle and Traffic Law § 375 (31) (see Wright, 98 NY2d at 659; People v DeRojas, 196 Misc 2d 171 [App Term, 2d Dept, 9th & 10th Jud Dists 2003]). Further, the evidence at the suppression hearing established that defendant's statement made to the officer during the arrest and prior to having received Miranda warnings (Miranda v Arizona, 384 US 436 [1996]) was "spontaneous and not triggered by police questioning or other conduct which reasonably could have been expected to elicit a declaration from [defendant]" (People v Williams, 97 AD3d 769, 770 [2012] [citations omitted]).
Accordingly, the judgment of conviction is affirmed.
Pesce, P.J., Weston and Aliotta, JJ., concur.
Decision Date: April 07, 2016