McCarthy, J.P.
 

 Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered January 26, 2015, convicting defendant upon his plea of guilty of the crime of criminal possession of a forged instrument in the second degree.
 

 Defendant was driving a vehicle, accompanied by the owner. After a state trooper pulled the vehicle over for traffic violations, and upon learning that defendant’s license was suspended, he removed defendant from the vehicle. While talking to the owner, the trooper noticed credit cards in the vehicle, obtained her consent to search the vehicle, and discovered numerous forged instruments. Defendant was charged with 15 counts of criminal possession of a forged instrument in the second degree. County Court denied defendant’s motion to suppress the evidence seized from the vehicle. After a jury was selected, defendant pleaded guilty to one count of criminal possession of a forged instrument in the second degree. The court imposed a prison sentence of 1 to 3 years. Defendant appeals.
 

 County Court did not err in denying defendant’s suppression motion. Defendant concedes that the trooper had the authority to stop the vehicle based on his observation of traffic infractions, namely, the car swerved from lane to lane and exited a highway without using a turn signal (see People v McLean, 99 AD3d 1111, 1111-1112 [2012], lv denied 20 NY3d 1013 [2013]; see also Vehicle and Traffic Law §§ 1128, 1130, 1163 [a]). A police officer may request consent to search a vehicle if, during a traffic stop, the officer develops a founded suspicion that criminality is afoot (see People v McLean, 99 AD3d at 1113). At the suppression hearing, the trooper testified that, after he removed defendant from the vehicle for aggravated unlicensed operation of a motor vehicle (see Vehicle and Traffic Law § 511), the passenger approached. The trooper advised the passenger, who he determined was the registered owner of the vehicle, to return to the vehicle and sit in the driver’s seat because the trooper felt it was unsafe for her to stand on the narrow road. While the trooper talked to her from the passenger’s side window, he observed two credit cards bearing a male name that was not defendant’s. Upon asking the owner about the person named on the cards, the owner denied knowing that person or being the owner of the cards. Unprompted, she then emptied her purse onto the passenger seat, stated that she did not have any credit cards, and told the trooper, “you can check my car, you can check me.” The trooper then asked her for consent to search the car and to pick up the credit cards. She consented. The search revealed numerous other credit cards, a debit card and a New Jersey driver’s license all bearing the same name; each of these documents was ultimately determined to be forged.
 

 The voluntariness of consent presents a question of fact, with deference to be accorded the motion court’s factual and credibility determinations (see People v Sora, 176 AD2d 1172, 1174 [1991], lv denied 79 NY2d 864 [1992]). County Court credited the trooper’s testimony, and we see no basis for disturbing that decision. That testimony demonstrated that the search of the vehicle was based on the owner’s voluntary consent, which was given spontaneously. Furthermore, the trooper clarified the owner’s statement by specifically requesting to search the vehicle. He made that request only after he had formed a founded suspicion that criminal activity was afoot based on the owner’s abrupt denials and erratic behavior once the trooper saw the credit cards in plain sight (see People v Whalen, 101 AD3d 1167, 1168 [2012], lv denied 20 NY3d 1105 [2013]; People v McLean, 99 AD3d at 1112-1113; People v Oldacre, 53 AD3d 675, 676-677 [2008]). Accordingly, the court properly denied defendant’s motion to suppress evidence found during the search of the vehicle (see People v Young, 86 AD3d 796, 797-798 [2011], lv denied 17 NY3d 905 [2011]).
 

 Defendant contends that his plea was not knowing or voluntary because he was forced to enter a plea—after trial had commenced and with no promise of the sentence to be imposed—due to counsel’s failure to timely negotiate a favorable plea or to be prepared for trial. Although defendant preserved his argument by moving to withdraw his plea on this ground, the argument is based primarily on information outside the record, thereby precluding our review. For example, while defendant averred that counsel was unprepared for trial, told him she would not represent him that day because he had not paid her, and did not even bring a change of clothes to stay overnight for this out-of-town trial, counsel stated on the record that she was “fully prepared to proceed” with the trial. In addition, defendant did not raise these concerns at the time of his plea, instead affirmatively stating that he had enough time to consult with counsel, he wanted to plead guilty and was not coerced into doing so. Defendant’s arguments regarding the circumstances surrounding his representation and plea, including any alleged ineffective assistance of counsel, are more properly the subject of a motion pursuant to CPL article 440, where he can attempt to develop a record to support his assertions (see People v Perkins, 140 AD3d 1401, 1403 [2016], lv denied 28 NY3d 1126 [2016]).
 

 Lynch, Rose, Clark and Pritzker, JJ., concur.
 

 Ordered that the judgment is affirmed.