People v Jarrett (2018 NY Slip Op 00249)





People v Jarrett


2018 NY Slip Op 00249


Decided on January 16, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2018

Friedman, J.P., Mazzarelli, Kapnick, Webber, Moulton, JJ.


5448 3724/11

[*1]The People of the State of New York, Respondent,
v
Dystell Jarrett, Defendant-Appellant.


Rosemary Herbert, Office of the Appellate Defender, New York (Eunice C. Lee of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Beth R. Kublin of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Nicholas Iacovetta, J.), rendered April 11, 2013, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree, and sentencing him to a term of 3½ years, unanimously affirmed.
The court properly denied defendant's suppression motion. The officers were justified in stopping defendant's vehicle for a traffic infraction, after seeing him make a left turn without signaling (see People v Robinson, 97 NY2d 341, 354 [2001]). In order to complete their investigation of the traffic infraction, it was reasonable for the officers to prevent defendant from leaving, and they "did not inordinately prolong the detention beyond what was reasonable under the circumstances to address the traffic infraction" (see People v Edwards, 14 NY3d 741, 742 [2010]). Furthermore, in response to an officer's initial question, defendant admitted that he had been driving with a suspended license, which was an additional offense requiring police investigation and action. Another officer then saw a bulge near defendant's hip, which was not "unidentified," as defendant asserts. Instead, the officer recognized the outline of a pistol grip, and this provided reasonable suspicion justifying a frisk (see People v Henderson, 85 AD3d 663 [1st Dept 2011], lv denied 17 NY3d 953 [2011]).
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no reason to overturn the credibility determinations of the jury, which could reasonably have rejected, as a complete fabrication, defendant's claim of temporary and innocent possession of the weapon.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 16, 2018
CLERK