People v Kindred (2018 NY Slip Op 07789)





People v Kindred


2018 NY Slip Op 07789


Decided on November 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 15, 2018

108809

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
LAMEIK KINDRED, Appellant.

Calendar Date: October 18, 2018

Before: Egan Jr., J.P., Clark, Mulvey, Aarons and Pritzker, JJ.


Keeley A. Maloney, Albany, for appellant.
P. David Soares, District Attorney, Albany (Noel Mendez of counsel), for respondent.



MEMORANDUM AND ORDER
Pritzker, J.
Appeal from a judgment of the Supreme Court (McDonough, J.), rendered August 19, 2016 in Albany County, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.
Defendant pleaded guilty to the reduced charge of attempted criminal sale of a controlled substance in the third degree and waived his right to appeal with the understanding that he would be sentenced to no more than six years in prison followed by two years of postrelease supervision. Defendant, who had been released to probation supervision, failed to appear at sentencing and a bench warrant was issued. When defendant ultimately appeared, Supreme Court determined that it was not bound by the terms of the plea agreement given defendant's violation of the terms of the Parker admonishment and then sentenced defendant, as a second felony offender, to a prison term of six years followed by three years of postrelease supervision. Defendant appeals.
We affirm. To the extent that defendant challenges the waiver of the right to appeal, we find that Supreme Court adequately distinguished the right to appeal from those rights automatically forfeited by the guilty plea, and defendant acknowledged that he understood the nature of the appeal waiver. In addition, defendant executed a written appeal waiver in open court after discussing the waiver with his counsel and acknowledging that he understood its contents. As such, we find that defendant's waiver of the right to appeal was knowing, voluntary and intelligently entered (see People v Atkinson, 164 AD3d 1572, 1572 [2018]; People v Garcia, 164 AD3d 958, 958-959 [2018], lv denied ___ NY3d ___ [Sept. 12, 2018]). Accordingly, defendant's challenge to the severity of the sentence imposed is precluded (see People v Selim, 164 AD3d 1576, 1576 [2018]; People v Tucker, 164 AD3d 948, 949-950 [2018]). Although defendant's challenge to the voluntariness of his guilty plea survives the valid appeal waiver, it is nevertheless unpreserved for our review as the record does not reflect that defendant made an [*2]appropriate postallocution motion (see People v Lamb, 162 AD3d 1395, 1396 [2018]; People v Gomez, 162 AD3d 1311, 1311-1312 [2018]).
Defendant's ineffective assistance of counsel claim — to the extent that it impacts the voluntariness of the plea — is also not preserved for our review in the absence of an appropriate postallocution motion (see People v Retell, 164 AD3d 1501, 1502 [2018]; People v White, 164 AD3d 959, 960 [2018]). To the extent that defendant asserts that he received the ineffective assistance of counsel because he was not advised of his ability to move to withdraw his plea, this concerns matters outside the record and, therefore, is more appropriately addressed in the context of a motion pursuant to CPL article 440 (see People v Ward, 161 AD3d 1488, 1488-1489 [2018], lv denied 32 NY3d 942 [2018]; People v Hayden, 155 AD3d 1309, 1311 [2017]).
Egan Jr., J.P., Clark, Mulvey and Aarons, JJ., concur.
ORDERED that the judgment is affirmed.