People v Roth
2026 NY Slip Op 03031
May 14, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,
v
Joshua J. Roth, Appellant.

Decided and Entered:May 14, 2026
CR-24-1930
Calendar Date: March 23, 2026
Before: Clark, J.P., Ceresia, Fisher, Powers And Corcoran, JJ.

Thomas L. Pelych, Hornell, for appellant, and appellant pro se.
Jeremy J. Hourihan, District Attorney, Watkins Glen (John C. Tunney of counsel), for respondent.

[*1]
Corcoran, J.
Appeal from a judgment of the County Court of Schuyler County (Matthew Hayden, J.), rendered August 29, 2024, convicting defendant upon his plea of guilty of the crime of criminal contempt in the first degree.
In September 2023, defendant was driving a vehicle with a female passenger when he was pulled over by police for an expired inspection. A subsequent investigation revealed that defendant was subject to a temporary order of protection requiring him to stay away from the female passenger. Defendant was then arrested and charged by indictment with a single count of criminal contempt in the first degree. In his omnibus motion, defendant moved to, among other things, suppress physical evidence, including a photograph of the female passenger, obtained as a result of an allegedly illegal traffic stop. County Court summarily denied defendant's motion without a hearing. Defendant thereafter pleaded guilty to the indictment without waiving his right to appeal. He was sentenced, as a second felony offender, to a prison term of 2 to 4 years. Defendant appeals, and we affirm.
Defendant contends that the traffic stop was unlawful because the expired vehicle inspection was a pretext to investigate the order of protection, and County Court therefore erred in summarily denying suppression. We disagree. "[A]n automobile stop is a seizure implicating constitutional limitations" (People v Hinshaw, 35 NY3d 427, 430 [2020] [internal quotation marks and citation omitted]). A traffic stop is lawful where the police have probable cause to believe that the driver committed a traffic violation, even if the officer's primary motivation is to investigate unrelated criminal activity (see People v Wright, 98 NY2d 657, 658-659 [2002]; People v Robinson, 97 NY2d 341, 350 [2001]; People v Gray, 234 AD3d 1130, 1130-1131 [3d Dept 2025]; People v Jones, 210 AD3d 150, 152-153 [3d Dept 2022]; People v Blandford, 190 AD3d 1033, 1035 [3d Dept 2021], affd 37 NY3d 1062 [2021], cert denied ___ US ___, 142 S Ct 1382 [2022]). Pursuant to CPL 710.60 (1), a motion for suppression of physical evidence must state the grounds of the motion and contain sworn allegations of fact. "Because hearings on suppression motions are not automatic or generally available for the asking by boilerplate allegations" (People v Burton, 6 NY3d 584, 587 [2006] [internal quotation marks and citation omitted]), a court may summarily deny a suppression motion "if the [motion] papers do not allege a legal basis for suppression or . . . if the sworn factual allegations do not as a matter of law support the ground alleged" (People v Duval, 36 NY3d 384, 391 [2021] [internal quotation marks and citation omitted]; see People v Cowan, 207 AD3d 874, 875 [3d Dept 2022], lv denied 38 NY3d 1149 [2022]; People v Ruffin,191 AD3d 1174, 1178-1179 [3d Dept 2021], lv denied 37 NY3d 960 [2021]; People v Blanford, 179 AD3d 1388, 1391 [3d Dept 2020], lv denied 35 NY3d 968 [2020]).
Here, the license plate inquiry preceding the traffic [*2]stop reflected that the subject vehicle had an expired inspection, thus supplying the requisite probable cause to conduct the stop (see People v Mayo, 26 AD3d 669, 670 [3d Dept 2006]; Vehicle and Traffic Law § 301 [a]). Given that the officer's subjective motivation was irrelevant (see People v Edwards, 14 NY3d 741, 742 [2010]; People v Wright,98 NY2d at 658-659; People v Robinson, 97 NY2d at 349), County Court properly denied the motion without a hearing, as defendant failed to "allege a ground constituting [a] legal basis for the motion" (CPL 710.60 [3] [a]) and "[t]he sworn allegations of fact d[id] not as a matter of law support the ground alleged" (CPL 710.60 [3] [b]).
For the first time on appeal, defendant argues that he was detained for longer than reasonable under the circumstances to address the traffic infraction (see People v Thomas, 42 NY3d 236, 240 [2024]; People v James, 155 AD3d 1094, 1096-1097 [3d Dept 2017], lv denied 30 NY3d 1116 [2018]). "A question of law with respect to a ruling of a suppression court is preserved for appeal when 'a protest thereto was registered, by the party claiming error, at the time of such ruling . . . or at any subsequent time when the court had an opportunity of effectively changing the same . . . , or if in response to a protest by a party, the court expressly decided the question raised on appeal' " (People v Montgomery, 229 AD3d 899, 904 [3d Dept 2024], lv denied 42 NY3d 972 [2024], quoting CPL 470.05 [2]). Because defendant did not raise this specific argument to the suppression court in his omnibus motion or at any other time, it is unpreserved for our review (see id.).
Finally, we do not find defendant's sentence to be harsh or severe. In view of defendant's lengthy criminal history, much of which involves domestic violence and violations of orders of protection, and the fact that the prison term was ordered to run concurrently with two sentences imposed in other jurisdictions for similar offenses, we discern no basis to modify the sentence.
Clark, J.P., Ceresia, Fisher and Powers, JJ., concur.
ORDERED that the judgment is affirmed.